# Commonwealth *v.* Swartz, Appellant.

*Criminal law—Misconduct of district attorney—Continuance of case.*

Where in the trial of a criminal case the district attorney in cross-examining a witness says after the witness has answered a question: "That is a lie," and objection is immediately made to the remark, the court should grant the request that a juror be withdrawn and the case continued. If this is not done and a conviction results the conviction will be set aside by the appellate court.

Argued Oct. 7, 1908. Appeal, No. 139, Oct. T., 1908, by defendant, from judgment of Q. S. Lehigh Co., April T., 1908, No. 23, on verdict of guilty in case of Commonwealth v. Albert E. Swartz. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Indictment for conspiracy.

The indictment was as follows:

"The Grand Inquest of the Commonwealth of Pennsylvania, inquiring for the County of Lehigh, upon their respective oaths and affirmations, do present, that A. E. Swartz, late of the said County, Yeoman, on the eighteenth day of March, in the year of our Lord one thousand nine hundred and eight, at the County aforesaid, and within the jurisdiction of this Court, with force and arms, etc., did fraudulently, maliciously and unlawfully conspire, combine, confederate and agree to and with one William Lawson and others to this grand inquest unknown, to do an unlawful act, to wit, that he the said William Lawson falsely represent and personate one Elmer Frey, alias Elmer Freeman who was found guilty of Perjury in the Court of Quarter Sessions of Lehigh County of January Sessions, 1907, and to appear before said Court and personate and represent himself as being the said Elmer Frey, alias Elmer Freeman, who was found guilty upon the charge aforesaid and then and there to take the place of Elmer Frey, alias Elmer Freeman, and to receive, serve and comply with whatever sentence said Court might impose upon the said Elmer Frey, alias Elmer Freeman, whose person said William Lawson was then and

there to falsely represent and personate, and for the performance of aforesaid representation and personation by the said William Lawson, the said A. E. Swartz agreed to pay the said William Lawson a certain sum of money of the United States of America (a further description of which this grand inquest is unable to give), thereby perpetrating a willful and malicious fraud upon the Court of Quarter Sessions of Lehigh County, and hindering and obstructing public justice, and against the peace and dignity of the Commonwealth of Pennsylvania.

"And the Grand Inquest, aforesaid upon their respective oaths and affirmations aforesaid, do further present that the said A. E. Swartz did fraudulently, maliciously and unlawfully conspire, confederate and agree with one William Lawson and others to this grand inquest unknown to cheat and defraud the Lehigh County Law Library Association of Lehigh County, Pennsylvania, and the County of Lehigh, state aforesaid, of their moneys, goods and chattels, to wit: the sum of Five Hundred Dollars by the said William Lawson agreeing to and with the said A. E. Swartz to falsely represent and personate one Elmer Frey, alias Elmer Freeman, who was convicted of the crime of Perjury in the aforesaid Court of Quarter Sessions of January Sessions, 1907, and for whom the said A. E. Swartz had entered into a recognizance with the Commonwealth of Pennsylvania in the sum of Five Hundred Dollars for the appearance of the said Elmer Frey, alias Elmer Freeman, before said Court and to falsely present and personate himself as being the same Elmer Frey, alias Elmer Freeman, who was found guilty of Perjury in aforesaid Court, and then and there to receive whatever sentence said Court might impose upon the said Elmer Frey, alias Elmer Freeman, and to comply and to serve such sentence, thereby intending by said personation and compliance with the sentence then and there to be imposed by aforesaid Court, to cheat and defraud the Lehigh County Law Library Association and the County of Lehigh out of the sum of Five Hundred Dollars by preventing the forfeiture of the aforesaid recognizance; contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The facts appear by the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* appear by the opinion of the Superior Court.

*Arthur G. Dewalt,* with him *Dillinger & Schwartz,* for appellant.—It was reversible error for the court to deny the motion of the counsel for the defendant for the withdrawal of a juror, under the circumstances set forth and alleged in the assignments of error in this regard: Com. v. Striepeke, 32 Pa. Superior Ct. 82; Com. v. Viele, 33 Pa. C. C. Rep. 333; Wagner v. Hazle Township, 215 Pa. 219; Saxton v. Rys. Co., 219 Pa. 492; Com. v. Bruner, 11 Pa. C. C. Rep. 428; Hollis v. U. S. Glass Co., 220 Pa. 49; Freeman v. Traction Co., 36 Pa. Superior Ct. 166; Walsh v. Wilkes-Barre, 215 Pa. 226; Com. v. Smith, 10 Phila. 189; Com. v. Nicely, 130 Pa. 261.

*Fred. B. Gernerd,* district attorney, for appellee.—The court committed no error in refusing to withdraw a juror: Com. v. Windish, 176 Pa. 167; Com. v. Mudgett, 174 Pa. 211; Com. v. Smith, 2 Pa. Superior Ct. 474; Com. v. Dorman, 22 Pa. Superior Ct. 20; Com. v. Weber, 167 Pa. 153.

The general conduct of a trial is largely within the discretion of the judge presiding; and it is only when some abuse of that discretion is clearly shown that an appellate court will interfere: Com. v. Eisenhower, 181 Pa. 470; Com. v. McMahon, 14 Pa. Superior Ct. 621; Com. v. Mudgett, 174 Pa. 211; Com. v. Striepeke, 32 Pa. Superior Ct. 82; Com. v. Greason, 204 Pa. 64; Shaffer v. Coleman, 35 Pa. Superior Ct. 386; Com. v. Salawich, 28 Pa. Superior Ct. 330.

OPINION BY MORRISON, J., December 7, 1908:

The defendant was convicted on an indictment containing two counts, charging conspiracy, and, after sentence, appealed to this court. It is contended that the defendant was only convicted under the first count of the indictment and that said count is not sufficient in law to sustain the conviction. If it is not sufficient under any statute, we consider it a good common-

law count: Wilson v. Commonwealth, 96 Pa. 56; Com. v. Brown, 23 Pa. Superior Ct. 470; Com. v. Stambaugh, 22 Pa. Superior Ct. 386.   After reciting the facts it concludes as follows: "thereby perpetrating a willful and malicious fraud upon the Court of Quarter Sessions of Lehigh County and hindering and obstructing public justice and against the peace and dignity of the Commonwealth of Pennsylvania." The second count sufficiently charges a conspiracy and indeed no criticism upon it is made, except the contention that the court did not submit it to the jury. We do not find that the record sustains this contention. There was a general plea of not guilty to the indictment and the verdict of the jury was a general one of guilty.

We find eleven assignments of error in the record, but after a careful examination we are unable to sustain any of them, except the tenth, and we regret having to sustain that assignment because otherwise the case seems to have been carefully tried and although the charge is assigned for error as a whole, we consider it adequate and impartial. The tenth assignment is as follows: "A witness being upon the stand by the name of Edwin Mills and having testified after having been sworn, and the district attorney of the county saying, in the presence of the jury, so that all the jury could hear what was said: 'that is a lie,' the counsel for defendant asks for the withdrawal of a juror and the ruling of the court upon that." Ruling of the Court: By the Court: "A witness on the stand in response to a question by the district attorney, was volunteering as to certain transactions in the office at Wilkes-Barre of District Attorney Salisbury. The district attorney said in open court, when the witness had volunteered the answer, what the court understood to be, 'that is a lie.' The district attorney's version of the matter is that he said, 'then it is a lie.'" Note, by the Court: "Mr. Kline, assisting the district attorney, said that he understood the words to have been, 'then it is a lie.' The district attorney said that he had no recollection of having said the words in the form alleged by Mr. Dewalt, but gave a different version of the affair. The motion for the withdrawal of a juror is overruled, and a bill sealed for the defendant."

The eleventh assignment is in effect that the court erred in

overruling the defendant's motion to withdraw a juror because the district attorney, in his argument to the jury, said of and concerning the defendant, A. E. Swartz, "He has been handling criminals in this court for twenty years," when there was no evidence of any kind in the case to warrant such a statement, and when the character of the defendant had not been put in evidence, or any witness called to prove his good character.

An examination of the record does not disclose any exception taken to the alleged statement of the district attorney contained in the eleventh assignment and, therefore, it is not in the record and we cannot consider it. We may say in passing, however, that if the district attorney used said language in his argument to the jury, it seems highly improper.

Referring now to the tenth assignment: The learned court seemed to consider that because the witness, Mills, was volunteering something in response to a question by the district attorney, the latter was, in some measure, less to blame for saying, "that is a lie" than he would have been if the witness' answer had been responsive to the question. We here quote from the cross-examination of the witness, Mills, by the district attorney: "Q. You went with Al Swartz to the City Hotel? A. Yes, sir. Q. Got $5.00 gratis? A. Do you want me to tell you about the $5.00? Q. Did you testify in Alderman Renniger's office that you never saw this fellow before? A. I told you, Mr. Gernerd, that I met him at Washington street, and that if I had known it was Lawson that I would have arrested him, and I said that at District Attorney Salisbury's office." By Mr. Gernerd: "That is a lie." Now the district attorney evidently considered it important to interrogate the witness as to what he testified to at Alderman Renniger's office, and the answer of the witness denied that he testified there that he never saw this fellow before. We are unable to say that the jury must have understood the language "that is a lie" to apply only to the portion of the witness' answer which the court considered volunteer testimony. It is not clear that the jury did not understand the district attorney to say that the witness lied in his responsive answer to the question. The language credited to the district attorney in the tenth assignment was highly improper, and

there may have been jurors in the panel whose opinion of the veracity of the district attorney was so high that they would believe his simple statement, not under oath, in preference to the sworn testimony of the witness. One of the questions at issue in the trial was whether Lawson came into court and impersonated Freeman or Frey and whether this was done at the instance of Albert E. Swartz, the defendant. Upon this question the testimony of Edwin Mills might have had weight with the jury in favor of the defendant, and it was the duty of the district attorney, acting in his official capacity, to permit this evidence to go fairly before the jury, unaffected by his statement, from which the jury might have inferred that the witness, Mills, was a liar. We are not able to say the charge of the court, removed from the minds of the jury the effect that may have been lodged there by this language.

The learned district attorney endeavoring to sustain the court in its refusal to withdraw a juror, cites, among other cases, Com. v. Windish, 176 Pa. 167. But that case sustains what was done in the present case in calling the attention of the court to the improper statement of the district attorney and getting the same upon the record and securing the ruling of the court thereon and getting an exception thereto. Moreover, in that case, Holden v. Penna. R. R. Co., 169 Pa. 1, is cited. In it the sixth assignment of error was: "In calling the company's detective a ghoul with a human face but the heart of a beast." The Supreme Court sustained that assignment and held the court in error in refusing to withdraw a juror, etc.

In the present case the counsel for defendant seems to have followed the proper method of getting the remarks upon the record and in securing the ruling and exception contained in the tenth assignment, and for present purposes we must assume that the district attorney did say to the witness, "that is a lie."

In Wagner v. Hazle Twp., 215 Pa. 219, it was said: "When an attorney in the trial of a cause willfully and intentionally makes an offer of wholly irrelevant and incompetent evidence, or makes improper statements as to the facts in his address to the jury, clearly unsupported by any evidence, which are prejudicial and harmful to the opposite party, it is the plain duty of

the trial judge, of his own motion, to act promptly and effectively by reprimanding counsel and withdrawing a juror and continuing the cause at the costs of the client. In no other way can justice be administered and the rights of the injured party be protected." See Com. v. Weber, 167 Pa. 153.

In Saxton v. Pittsburg Railways Co., 219 Pa. 492, our Supreme Court said: "If courts are to continue to be places where justice is to be judicially administered, causes must be fairly presented and fairly defended, and the duty of counsel in this regard is not less important nor less imperative than that of the judge. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or unfair arguments or by an appeal to passion or prejudice stands on but little better ground than one obtained by false testimony. It is not founded on the truth of the cause."

In Hollis v. U. S. Glass Co., 220 Pa. 49, our Supreme Court said, as stated in the syllabus: "The bringing to the attention of the jury the fact that the defendant in an action for personal injuries, is insured by an employers' liability company, is cause for reversal of a judgment, whether done by the admission of testimony or the statement of counsel or the offers of proofs, or by questions asked witnesses or jurors."

In Freeman v. Traction Co., 36 Pa. Superior Ct. 166, we held that for unwarranted and improper language of counsel, the court should have withdrawn a juror and continued the case, and for failure so to do the judgment was reversed. The above were all civil cases and we apprehend that in a commonwealth case, where the defendant's life or liberty is at stake, much stronger reasons exist for requiring a quasi judicial officer, such as a district attorney, to keep well within the rules of propriety, fairness and justice.

We are all of the opinion that the present case was well tried except as to the matters raised in the tenth assignment. But for these, the majority of our court feels compelled to reverse the judgment and send the case back for another trial.

The assignments are all dismissed, except the tenth, which is sustained, and the judgment is reversed with a venire facias de novo.