# Commonwealth of Pennsylvania *v.* Nicoletti and Esposito, Appellants.

*Criminal law—Act of March 31, 1860, P. L. 382, Section 102—Act of June 9, 1911, P. L. 833—Robbery by menaces—Blackmail and extortion—Evidence.*

Where the defendants have been properly indicted under Section 102 of the Criminal Code of 1860 and the Act of June 9, 1911, P. L. 833, for feloniously, by menaces and by force, demanding money with intent to steal the same, and for levying of blackmail upon and the extortion of money from a certain individual and the evidence produced by the Commonwealth was sufficient to warrant a conviction on both indictments, the judgments of sentence of the court below will not be disturbed.

To make one criminal act evidence of another, some connection must exist between them and the collateral offense must form a link in the chain of circumstances or proofs relied upon for conviction. A defendant cannot be convicted of one offense simply because he may be guilty of another.

*Criminal procedure—Conviction under joint indictments—Opportunity for cross-examination — Admissions made during improper commitment — Argumentative opening address to jury — Improper remarks of counsel—Withdrawal of juror.*

Where two or more defendants are indicted jointly for extortion of a certain sum of money and there is evidence which would warrant the individual conviction of one of the defendants for the extortion of a lesser amount, not charged in the indictment, the conviction of such defendant will not be disturbed. Satisfactory evidence of the extortion of the sum named in the indictment, or any part thereof, by any defendant, by menaces, is sufficient to sustain the conviction of such defendant under said indictment.

Where written documents are presented to the trial judge indicating the possibility of the membership of defendants in certain organizations, it is not an abuse of discretion, on the part of the court below, to permit further cross-examination on the questions raised by the written memoranda.

A juror will not be withdrawn because of improper remarks of counsel, unless said remarks in the light of all the evidence in the case are unwarranted and calculated to prejudice unduly the minds of the jury.

Argued November 13, 1923. Appeals, No. 74 and No. 76, April T., 1924, by Jim Nicoletti and Carmelo Esposito, from judgment of Q. S. Cambria Co., Dec. Sessions, 1922, No. 110, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Antonio Scoppoletti, Carmelo Esposito, Jim Nicoletti, Bernard Gigliotti, Rocco Cartisano. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Joint indictment for robbery or stealing from the person by menaces or by force and for levying of blackmail and extortion of money. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdicts of not guilty in the indictments against Rocco Cartisano, Antonio Scoppoletti and Bernard Gigliotti. Verdicts of guilty in the indictments against Jim Nicoletti and Carmelo Esposito, upon which judgment of sentence was passed. The convicted defendants appealed.

*Errors assigned* were, inter alia, the exclusion of certain offers of testimony on the part of the defendants, the overruling of objections to testimony of the Commonwealth, the refusal of the motion for binding instructions and motion in arrest of judgment.

*Charles J. Margiotti,* and with him *Philip K. Shaner,* for appellants.—A presumption of guilt cannot be raised by proof of a distinct crime unconnected with that laid in the indictment: Shaffner v. Com. 72 Pa. 60.

The defense should have had full and complete opportunity to cross-examine the private detective for the prosecutor for the purpose of determining his interest, feeling, and bias: Com. v. Farrell, 187 Pa. 410; Shannon v. Castner, 21 Pa. Superior Ct. 294.

It is the duty of the court to supervise the opening address of the Commonwealth and to protect the defendant

from injurious misrepresentations and unfair attack: Com. v. Mudgett, 174 Pa. 211; Com. v. Windish, 176 Pa. 167.

*Philip N. Shettig,* and with him *D. P. Weimer,* District Attorney, for appellee.

Opinion by Gawthrop, J., December 12, 1923:

Appellants, Nicoletti and Esposito, are two of five persons who were tried on two indictments. The first indictment charged the defendants with feloniously, by menaces and by force, demanding of Antonio Gallucci the sum of $1,000 with intent to steal the same, in violation of Section 102 of the Crimes Act of 1860. The second indictment charged the levying of blackmail upon and the extortion of money from Gallucci contrary to the Act of June 9, 1911, P. L. 833. The jury returned a verdict of guilty against appellants on both indictments and acquitted the other defendants. Appellants were sentenced under the first indictment to pay a fine and undergo imprisonment; on the second the order was to pay the costs. Upon an examination of the record, we all agree with the learned trial judge that the evidence produced by the Commonwealth was quite sufficient to warrant a conviction on both indictments. It only remains for us to examine the questions raised by the numerous assignments of error. Before so doing a brief statement of the material facts seems necessary.

Antonio Gallucci owned and conducted a grocery store in Johnstown, Pennsylvania. He and his wife and children lived over the store. On April 27, 1920, an automobile belonging to Gallucci's son, Leo, and kept in a garage on Gallucci's premises was stolen. Some time later the car was recovered in Pittsburgh in the possession of a son-in-law of one of the defendants. During the night of March 15, 1922, the front of Gallucci's store was blown out by dynamite. About three days later Nicoletti spoke to Gallucci of the stealing of his son's car and the

wreck of the store by dynamite. On April 27, 1922, Nicoletti told Gallucci that many people were jealous of his prosperity, but that he could live in peace and comfort by paying $1,500, but must say nothing about it. He stated further that they could not be friends until the money was paid; that the same thing would happen to him that happened to one Deni if the $1,500 was not paid. Deni was Nicoletti's brother-in-law, who had been shot. On April 28th, Esposito, the other appellant, came to Gallucci's store and told him that for $1,000 he would tell him who put off the dynamite. A little later Esposito returned and told Gallucci that if he did not pay the $1,000 he would have more trouble. In the evening of the same day, Esposito told Gallucci that if he did not pay the money they were going to "bomb" him again; that his (Gallucci's) life was worth more than the money and that if he paid he would have no more trouble; that he was prepared to "serve" fourteen sticks of dynamite if Gallucci did not pay the money. Gallucci compromised with Esposito by paying him $125 and promising to pay $100 more in a week. Esposito returned and demanded payment of the $100, saying, "If you don't you know what will come to you." Gallucci told his priest of his troubles and Esposito, who was a member of the same church, returned Gallucci the $125. About a week later Nicoletti made another demand for $1,500, suggesting that it be paid before anything happened and recalling to Gallucci the fate of Deni. Nicoletti continued to make demands for the $1,500. On September 8th, Nicoletti came to Gallucci's store in response to notice that the Galluccis were ready to pay the money. One thousand dollars in currency was paid to him and he promised to wait for a time for the other $500. Nicoletti said: "You see when the gang picks on anyone they don't show any mercy." Gallucci's son, Leo, said to him: "You stole my car and I didn't prosecute you, you dynamited the building and now you make these demands and threats and are trying to ruin my family." Nicoletti

made no reply and, about that time, was arrested by officers who had been standing outside the room and heard the conversation. The arrest of the other defendants followed.

The first, second and fourth assignments of error complain of the admissibility of evidence touching the commission of crimes other than the one charged in the indictment and not connected with it. It is well settled that to make one criminal act evidence of another, some connection must exist between them and the collateral offense must form a link in the chain of circumstances or proofs relied upon for conviction. The defendant cannot be convicted of one offense simply because he is guilty of another: Com. v. Haines, 257 Pa. 296. The defendants were charged with obtaining or attempting to obtain money by means of threats. The other crimes referred to were the larceny of the automobile, the attempt by some of the defendants to induce Leo Gallucci to settle the charge of larceny brought against a son of one of the defendants, the dynamiting of Gallucci's store and the shooting of Deni. The stated purpose of introducing this testimony was to explain the references contained in the threats made by certain defendants against the Gallucci family and to show the circumstances relating thereto. The damage to Gallucci's store by dynamite was repeatedly mentioned by both of the appellants for the purpose of instilling fear into the prosecutor and his family. The murder of Deni was used for the same purpose. All of the offenses, except the larceny of the automobile, were so connected with the threats made that we cannot say that the evidence relating to them was not competent and relevant. While the stealing of the automobile was rather remote, the appellants were not harmed by the admission of evidence that someone stole it. That evidence merely tended to explain and render intelligible the evidence relating to the threats made against the Gallucci family immediately after the termination of the prosecution of the charge of larceny of

the automobile. The first, second and fourth assignments of error are overruled.

The fifth, sixth, seventh and eighth assignments of error question the sufficiency of the evidence to sustain the conviction of Esposito. The prosecutor testified that Esposito secured $125 from him under circumstances which the jury could find amounted to extortion. Counsel for appellants urges that this act by Esposito, if it occurred, was independent of the action of any of the other defendants; was not connected with the alleged effort to secure $1,500, and that if Esposito is guilty of any crime he is guilty individually, not jointly, of extorting $125. It is contended that this crime was not charged in the indictment. We see no force in this argument. Satisfactory evidence of the extortion of $1,500, or any part thereof, by any defendant by menaces was sufficient to sustain his conviction under either indictment. There was evidence, however, to the effect that Esposito demanded $1,000 and stated that Gallucci would have more trouble if he did not pay it. The fifth, sixth, seventh and eighth assignments of error are overruled.

It is urged in support of the tenth assignment of error that the court erred in refusing to permit counsel for appellants to cross-examine a detective who testified for the Commonwealth and stated that he was in the employ of the prosecutor, as to his wages and the manner in which he was paid. It is sufficient to state that this assignment is wholly destitute of merit, because an inspection of the record shows that the learned trial judge gave appellants' counsel full indulgence to examine the witness upon the subject of his compensation. The tenth assignment of error is overruled.

The eleventh and twelfth assignments complain that the court erred in admitting evidence of admission of guilt made by the defendants while detained in jail, because the defendants were wrongfully committed to jail instead of being taken before the alderman and allowed to enter bail. Passing the question whether the officers

should have taken the defendants to the alderman in the first instance, the failure so to do and the placing of the defendants in a position where they might and did talk freely, did not render the evidence inadmissible. We know of no rule of evidence under which it can be seriously contended that the admission of this evidence was error. The eleventh and twelfth assignments of error are overruled.

When the special counsel for the Commonwealth opened the case to the jury, counsel for appellants had his remarks taken stenographically and reduced to writing. It is urged upon us in the thirteenth, fourteenth and fifteenth assignments of error that the address was argumentative and prejudicial to the cause of the defendants; that the greater part of it was read from notes; that the defendants were charged therein with causing the explosion at Gallucci's store, a crime not charged in the indictments, and lastly, that the counsel read to the jury translations of threatening letters written in Italian. It would serve no useful purpose to discuss these several complaints. We have read the opening address of counsel as contained in the record and are satisfied that appellants have no just cause for complaint on account thereof. These assignments are overruled.

When the defense was about ready to close its case, counsel for the Commonwealth announced that he desired to recall the five defendants for the purpose of further cross-examination. Whereupon, he called each defendant and asked him whether he belonged to a secret organization known as "The Mafia" or "The Blackhand," or any similar organization, and other questions of similar character. Counsel for the defendants moved the court to withdraw a juror on the ground that the questions were asked in bad faith and only for the purpose of prejudicing the jury against the defendants. The motion was refused. This action is the subject of the sixteenth assignment of error. The learned trial judge states in his opinion dismissing the motion for a new trial that

counsel for the Commonwealth submitted to him at the time the questions were asked certain memoranda and letters which entirely warranted the examination which followed. The matter was largely within the discretion of the trial judge. We cannot say that the discretion was abused in permitting the questions to be asked, and this assignment is overruled.

The seventeenth assignment complains of the remarks of counsel for the Commonwealth in his closing address to the jury. The remarks as placed on the record are as follows: "Counsel has referred to Esposito on three different occasions, first, as the 'fiendish looking defendant'; second, as having a 'beautiful face,' and the third time that 'only a fiend' could do that." He also referred to Nicoletti as the "Keeper of the Tools," etc. On account of these remarks a motion was made for the withdrawal of a juror, the same being overruled. Esposito was the defendant who, under the Commonwealth's testimony, said to Gallucci, "I will kill you with the whole family; I have fourteen more sticks of dynamite." In the light of all the testimony and that just quoted in particular, there is no merit in this assignment.

Nor is there any more merit in the contention which is the subject of the eighteenth assignment. While a certain witness for the Commonwealth was on the stand and under cross-examination, he was asked, "You haven't even told your lawyers?" When he answered no, counsel for the Commonwealth said: "That is correct." Again there was a motion to withdraw a juror. It was properly overruled: Com. v. Swartz, 37 Pa. Superior Ct. 507, is cited by counsel for appellant as sustaining his contention. In that case the district attorney said to a witness who he was cross-examining: "That is a lie." This court reversed for the refusal to withdraw a juror and continue the case. The difference between the two cases is manifest. It was highly improper for the district attorney to characterize the testimony of a witness as a lie. As we said in that case, there may have been

395, (1923).]          Opinion of the Court.

jurors in the panel whose opinion of the veracity of the district attorney was so high that they would believe his simple statement, not under oath, in preference to the sworn testimony of the witness. While the counsel for the Commonwealth was not justified in making the remark complained of here, the degree of the impropriety was not such as to compel the withdrawal of a juror. The eighteenth assignment and all others not discussed are overruled.

The judgment is affirmed and it is ordered that the defendants appear in the court below at such times as they may be there called and that they be by that court committed until they have complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.