Commonwealth *v.* Feiling, Appellant.

Argued November 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Ewing B. Pollock,* with him *Pollock, Pollock & Thomas,* for appellant.

*W. Bertram Waychoff,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., March 20, 1969:

Kormuth's Tavern in Clarksville, Greene County, Pennsylvania was robbed by four men about 10:30 p.m. on February 23, 1967 while it was open for business. This appellant, wearing a ski-toboggan cap, black boots and long black gloves, entered the tavern first, ordered a beer and was drinking it when three other men entered. They were also wearing ski masks and were armed with a gun. All four then participated in tying up the bartender, a patron and the owner, and robbing the tavern and living quarters of the

owner on the floor above. They took 50 to 70 dollars in currency, an antique coin collection, and three cases of whiskey which they loaded in a Ford pick-up truck having cardboard signs bearing "Erie Electrical Conduit Co." fastened to each door panel. They were seen loading the truck and escaping in it by the Borough Constable Joseph Shulsky, and the Borough Policeman Robert Post, who called the State Police. The truck had left before the State Police arrived at the scene of the robbery but was overtaken by them after they had pursued it for eight miles. When overtaken, the truck had but one occupant, this appellant, Francis Henry Feiling. The other three men were never apprehended, nor were the stolen whiskey and other stolen items in the truck when overtaken. However, there were found therein the cardboard placards, black leather gloves, a ski mask and revolver bullets.

The State Police immediately brought appellant back to the tavern where he was identified as one of the robbers. He was subsequently indicted for armed robbery, found guilty of that crime by a jury, and sentenced January 12, 1968. This appeal followed on February 13, 1968.

Subsequently, on March 4, 1968 appellant filed a petition for a post-conviction hearing, and a rule was granted thereon directed to the Commonwealth of Pennsylvania to show cause why a hearing should not be granted to the petitioner. Ewing B. Pollock, Esq., was then appointed to represent petitioner. An answer was filed to that petition and rule, but the record before us shows no further action taken in that proceeding. Since this is a direct appeal from the judgment of sentence and not inclusive of the post-conviction hearing proceeding we shall consider only those matters considered by the lower court on appellant's motion for a new trial, and refrain from considering

the other matters raised by appellant in his post-conviction petition.[1]

The errors now contended which were advanced in the lower court as reasons for a new trial relate to trial matters.

Appellant's contention that the trial judge participated in the examination of witnesses in a prejudicial manner so as to deny him a fair and impartial trial is not supported by the record and is therefore wholly without merit.

Nor do we find any merit in his argument that the District Attorney by his remarks and actions during the trial, and more particularly during his summation to the jury, constituted prejudicial conduct as to deny appellant a fair and impartial trial. This complaint concerns the use of a pair of long black leather gloves which the Commonwealth used as an exhibit after identifying them as articles found in the truck when appellant was apprehended, and after they had been described as similar to the gloves worn by appellant when he first entered the tavern the night of the robbery. In presenting his side of the case appellant's counsel asked him to try on these gloves, which he was unable to do because of their size. However, he did identify them as, "My wife was looking for them for over a month." Thereafter the District Attorney successfully put the gloves on his own hands, to which demonstration there was an objection made by appellant's counsel, which objection was sustained, the court saying, "We believe the demonstration is irrelevant. It is relevant only as it relates to this defendant." Al-

---

[1] Appellant also filed with the United States District Court an application for a writ of habeas corpus which was denied by it, the denial being subsequently affirmed by the United States Court of Appeals for the Third Circuit by order filed October 10, 1968. C. A. Misc. Rec. No. 1064.

though the District Attorney, during his summation, again referred to the gloves and stated to the jury that they might try them, we agree with the trial judge that this was something the jury had a right to do and does not constitute reversible error.

Appellant objects also to the District Attorney's statement to the jury that they might place themselves in the position of having been robbed. Although appeals to prejudice and passion are not to be approved, we have held that a District Attorney in his arguments, within proper limits, may argue for law and order and remind the jury of the danger to the community posed by persons prone to resort to violence. *Commonwealth. v. McHugh*, 187 Pa. Superior Ct. 568, 145 A. 2d 896 (1958). We hold that those limits were not exceeded in the present case although the District Attorney's remarks were directed to the individual jurors as members of the community. Generally it is for the trial judge to determine whether such remarks are so prejudicial as to require a new trial on that ground alone, or whether their effect was sufficiently attenuated by the rest of the argument as to have no effect on the verdict. *Kuchinic v. McCrory*, 422 Pa. 620, 222 A. 2d 897 (1966); *Smith v. Evans*, 421 Pa. 247, 219 A. 2d 310 (1966). In the present case Judge TOOTHMAN stated that, "These are not sufficiently harmful, if indeed they be harmful in the law at all . . ." We find no abuse of discretion in this finding and the order refusing to accept this alleged error as justification for a new trial.

Appellant next complains that on cross-examination he was asked questions concerning other crimes he might have committed, which questions, he argues, constituted a violation of the Act of March 15, 1911, P. L. 20, §1, 19 P.S. §711.

This appellant testified and thereby placed his credibility in issue. It was therefore permissible to

impeach his statement that he had no connection with the robbery by showing he had been previously convicted of some felony or misdemeanor crimen falsi. *Commonwealth v. Snyder*, 408 Pa. 253, 182 A. 2d 495 (1962), cert. denied, 371 U.S. 957, 83 S. Ct. 514, 9 L. Ed. 2d 504; *Commonwealth v. Butler*, 405 Pa. 36, 173 A. 2d 468 (1961). In answer to a general question put to him on cross-examination as to what other trouble he had been in in 1952 after he had testified to an automobile violation and loss of license during that year, he answered by admitting he had also been convicted and sentenced for robbery in 1952. Although this question and answer had not been predicated on an offer to limit its effect to the impeachment of appellant's credibility as a witness and not for the purpose of establishing his guilt or innocence of the crime with which he was then being tried, on objection this oversight was corrected by the court in expressly directing the jury to consider it only for the limited purpose. We find no reversible error in the manner the situation was handled, particularly since there was no objection to the general question asked of appellant in answer to which he volunteered the information about his robbery conviction. His counsel's objection followed his answer.

Following the admission of this evidence, the District Attorney offered, at side bar, to further impeach appellant's testimony by proceeding with his entire criminal record from a "rap sheet"[2] subject to verification by certified court records, which had been ordered but had not arrived. On the condition that the questions would be asked subject to verification by the court records, and in face of a warning by appellant's counsel that he would ask for the withdrawal of a

---

[2] "Rap Sheet"—listed offenses compiled by the Federal Bureau of Investigation.

juror if the verification of the records did not sustain the Commonwealth's offer, the interrogation of appellant proceeded. He was then asked about a robbery in 1953 and denied it. Verification of the robbery conviction was not produced but it was disclosed that there had been a conviction for assault and battery. He was next asked about various violations of probation on which he was placed following his conviction on the 1952 robbery, presumably to show that the violations were due to other misdeeds which might include the commission of other crimes. However, that fact was not established, his violations being due to acts not constituting crimes.

Thus, contrary to the Act of 1911, it was shown to the jury that appellant had been convicted of a crime not amounting to a felony or a misdemeanor crimen falsi and of violating his probation by doing something not amounting to a crime.

However, the trial judge, on the request of appellant's counsel, instructed the jury to disregard the testimony as to the assault and battery charge as well as the probation violations.[3] No motion to withdraw a juror was made at this time. Having been satisfied that no harm would be done to appellant's case from this testimony, after instructions from the court to disregard it, a belated attempt to assert it as prejudicial error would be without merit. A defendant may slip beyond the protection of the Act of 1911. *Commonwealth v. Garrison*, 398 Pa. 47, 157 A. 2d 75 (1959). The decision not to insist on his rights under the Act was a matter of trial strategy about which he may not

---

[3] "At this point, your Honor, we would like to put an objection on the record that a release or violation of probation is not such as being crimen falsi, and ask the Court to instruct the jury to disregard it the same as the Judge did previously with respect to Assault & Battery." (Testimony, Record, page 190)

later complain. Furthermore, every technical violation of the Act of 1911 does not require the withdrawal of a juror. *Commonwealth v. Garnett*, 204 Pa. Superior Ct. 113, 203 A. 2d 328 (1964).

Finally, appellant complains about the latitude the District Attorney was allowed in the cross-examination of appellant and his witnesses on collateral matters. This was a matter within the discretion of the trial judge and we find no abuse of that discretion in this record. *Commonwealth v. Albert*, 198 Pa. Superior Ct. 489, 182 A. 2d 77 (1962).

A careful review of this record indicates that this defendant-appellant was fairly tried.

Judgment of sentence affirmed.