## Commonwealth v. Farrell

Before Monroe, Ludwig and Rufe, J. J.

*Wayne N. Cordes*, for Commonwealth.

*Patrick J. O'Connor*, for defendant.

BODLEY, J., May 3, 1972.—Following trial by jury, defendant was convicted of the crimes of larceny, receiving stolen goods and conspiracy. The matter is

now before us upon his motions for a new trial and in arrest of judgment.

The sole issue before the court is whether or not defendant is entitled to a new trial by reason of his having been asked by the district attorney upon cross-examination:

"Mr. Farrell, have you ever been convicted of a criminal offense?"

Such a question is in apparent violation of the Act of March 15, 1911, P. L. 20, 19 PS §711, which provides:

"Examination of defendant as to other offenses.

"Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,—

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or,

"Two. He shall have testified at such trial against a co-defendant, charged with the same offense."

Defense counsel objected to the question and the court sustained the objection, immediately admonishing the jury to disregard the question asked and to avoid drawing any unfavorable inference therefrom.

Defendant was not prejudiced by this question. In retrospect, it appears that the court should have overruled the objection and permitted the answer to be given inasmuch as the case fell within the second exception noted above and, arguably, the first.

At the time of the larceny, defendant was accompanied by one Andrea M. Wolford, a codefendant tried

with defendant, Farrell, and also by one Patrice Croce who was then 18 years of age. When he took the stand in his own behalf, defendant testified that it was Patrice only who left his vehicle and returned a few minutes later with the stolen goods. To further emphasize his pristine purity and spotless character, Mr. Farrell told the jury that after he held up one of the stolen sweaters and noted that it would not fit him, he urged that the stolen goods be returned. As he put it, "I told Patrice to take them back." True, Patrice, although charged with the same offense, was not on trial at the time. We believe, however, that the purpose of the exception to the proscription of the Act of March 15, 1911, is self-evident and that defendant, by his testimony on direct, brought himself neatly within that exception. Accordingly, the motions will be dismissed.

## ORDER

And now, May 3, 1972, the motions of defendant, Joseph Farrell, for a new trial and in arrest of judgment are overruled and dismissed. Defendant is directed to appear before the trial judge in Courtroom No. 3, at 10 a.m. on May 11, 1972, for sentence.

## CONCURRING OPINION

GARB, J., May 3, 1972.—I concur in the result reached by the majority. I believe that the asking of this question was in violation of the Act of March 15, 1911, but that that does not, ipso facto, mandate a grant of a new trial. The objection to the question having been sustained and the jury admonished to disregard the question, in the absence of a motion for a mistrial or for circumstances showing undue prejudice to defendant, I believe there was no error in the context of this case. See Commonwealth v. Feiling, 214 Pa. Superior Ct. 207 (1969).

However, I disagree with the construction of the

second exception to the act as construed by the majority. I do not believe that the second exception to the Act of 1911 controls the circumstances of the instant case. I believe that this exception applies only when a codefendant is on trial in a joint trial with defendant who testifies against him. The intended purpose of this exception, as I see it, is to protect the codefendant on trial against the testimony of another codefendant in the same trial attempting to exculpate himself by inculpating his codefendant. In such circumstances, this exception places the codefendant against whom the testimony is offered in the same position he would be in with respect to any witness testifying against him. In such case he would be permitted to cross-examine such witness on the witness' past criminal record for the purpose of impairing the witness' credibility and the Act of 1911 would not constitute an impediment thereto. However, such rationale does not apply where a single defendant on trial testifies in such manner as to inculpate another person not then on trial, although he may be named in another bill of indictment or may be named as a coconspirator. In such case, the exception does not apply and defendant should be protected by the act.