## Commonwealth *v.* Caesar, Appellant.

*Jonathan Miller*, Assistant Defender, with him *Vincent J. Ziccardi*, Defender, for appellant.

*Linda West Conley*, Assistant District Attorney, with her *Milton M. Stein*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973:
The six Judges who heard and decided this appeal being equally divided, the judgment of sentence is affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
During closing argument before the jury, the prosecuting attorney, branding appellant's testimony as lies, made references to matters outside the record. Appellant contends that this conduct requires that the judgments of sentence be reversed and a new trial granted. I agree.

Appellant was sentenced on bills of indictment charging aggravated robbery, burglary, and aggravated assault and battery. The charges arose out of the robbery by three men of a drug store in Philadelphia. Appellant admitted his presence in the automobile used

in the robbery, but denied any participation in the offense. He testified that immediately prior to the planning and commission of the robbery, he had shot several bags of heroin, passed out in the car, and did not participate in the robbery. Appellant's witness, Frank Hairston, who had previously pleaded guilty to these robbery charges, corroborated appellant's testimony.

The Commonwealth presented evidence that would support guilty verdicts on two different theories of appellant's involvement in the crimes, either as an active participant or an aider and abettor of the crime.[1]

In arguing the Commonwealth's cause to the jury, the District Attorney stated: "Grady Caesar did enter that store; he did rob. . . . *He lied to you before.*" (Emphasis added.) (N.T. 249.) Appellant's counsel objected and moved for a mistrial. The trial judge sustained the objection, but denied the motion stating that it was the jury's function to judge credibility and that he would later give it instructions concerning the evaluation of credibility.

The law in this Commonwealth in regard to a prosecutor's expression of his personal belief as to the credibility of a defendant or a witness was recently set forth by Justice ROBERTS in *Commonwealth v. Potter,* 445 Pa. 284, 285 A. 2d 492 (1971), a case in which the prosecutor suggested that the defendant's testimony was a malicious lie. The Court noted: "The ABA Standards Relating to the Prosecution Function expressly state: 'It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence . . . of the defendant.' ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and

---

[1] That the jury seriously considered the latter theory is indicated by jury's return after two hours of deliberation in order to receive clarifying instructions on this theory of guilt.

Defense Function §5.8(b) (Prosecution Function) (Approved Draft 1970). The ABA Code of Professional Responsibility also provides that '. . . a lawyer shall not . . . (4) Assert his personal opinion . . . as to the credibility of a witness. . . .' ABA Special Committee on Evaluation of Ethical Standards, Code of Professional Responsibility, DR 7-106(C)(4) (1969). These standards are in response to the view that '. . . the cause should turn on the evidence, not on the standing of the advocate, and the witnesses must stand on their own.' ABA Standards, Prosecution, supra at §5.8(b) (Commentary).

"The prosecutor, in branding appellant's testimony as a 'malicious lie' exceeded the permissible bounds of cross-examination. Furthermore, he injected his highly prejudicial personal opinion of appellant's credibility into evidence, thereby clearly and improperly intruding upon the jury's exclusive function of evaluating the credibility of witnesses (citations omitted).

"This Court has made clear '. . . that the prosecuting attorney enjoys an office of unusual responsibility, and that his trial conduct should never be vindictive or attempt in any manner to influence the jury by arousing their prejudices.' Commonwealth v. Toney, 439 Pa. 173, 180, 266 A. 2d 732, 736 (1970). . . .

"Considering the prosecutor's 'office of unusual responsibility' and the highly prejudicial effect of his statement, the only appropriate relief is the granting of a new trial." 445 Pa. 284, 286, 287.[2]

The argument in the instant case was in clear violation of *Potter* and the ABA standards which prohibit

---

[2] The rule stated in *Potter* was a reaffirmation of a long standing prohibition against the prosecutor's statement of his personal opinions of a witness' credibility. *Commonwealth v. Swartz*, 37 Pa. Superior Ct. 507 (1908) ; *Commonwealth v. Williams*, 309 Pa. 529, 164 A. 532 (1932) ; see *Commonwealth v. Capalla*, 322 Pa. 200, 185 A. 203 (1936).

the injection of a prosecutor's personal opinion of the defendant's credibility. A new trial should be granted.[3]

Throughout the closing argument the district attorney attempted to argue facts which were not developed at trial. The closing argument began with the district attorney waving a sheet of paper, referring to it as the "Police 49", a police summary of the events of the case. Although he was prevented from arguing the contents of the document by defense counsel's prompt objection, the jury was, nevertheless, presented with a matter from which factual speculation could be easily based.

In an effort to impeach Hairston's testimony, the prosecutor referred to the date of his guilty pleas, and "what had happened since then". During trial there was no factual development of either matter. Finally, in an apparent attempt to strengthen the credibility of the arresting police officer, the district attorney made reference to the numerous arrests the officer had made and his extensive police experience—a subject which was not testified to at trial.

The ABA standards which condemn the prosecutor's expression of opinions respecting witness credibility also denounce the prosecutor's argument of factual matters not presented at trial: "It is unprofessional conduct for the prosecutor intentionally to refer to or argue on the basis of facts outside the record whether at trial or on appeal, unless such facts are matter of common public knowledge based on ordinary human experience or matters of which the court may take judicial notice." American Bar Association Project on Standards for Criminal Justice, Standards Relating to

---

[3] In the instant case, the trial judge did state that it was the function of the jury to judge credibility. In *Potter*, the Supreme Court held that a reprimand of the district attorney by the trial judge could not cure the prejudice, and that the only appropriate relief was to grant a new trial. 445 Pa. 284, 287. See *Commonwealth v. Swartz*, 37 Pa. Superior Ct. 507, 512 (1908).

the Prosecution Function and the Defense Function; Approved Draft, 1971; §5.9.

The argument of such facts presents the danger of a jury's reliance upon hearsay or the prosecutor's conclusions, and the possibility that the jury's verdict will be based on evidence not presented at trial. Matters not developed at trial should not be presented to the jury at the conclusion of the case. *Commonwealth v. Jennings*, 442 Pa. 18, 27, 274 A. 2d 767 (1971).

The closing argument by the prosecutor in the instant case is riddled with statements of prejudicial opinion and factual matters outside of the record. Because of the possibility of resulting prejudice, the judgments of sentence should be reversed and a new trial granted.

SPAULDING and CERCONE, JJ., join in this dissenting opinion.