Commonwealth *v.* Danzy, Appellant.

634

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James Edward Danzy*, appellant, *in propria persona*.

*Romaine Phillips, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant contends that the lower court erred in denying his petition for relief under the Post Conviction Hearing Act.[1]

Appellant was found guilty of burglary and aggravated robbery by a jury on January 12, 1972. The conviction was based on an incident that occurred on April 8, 1970. Appellant and two co-felons entered a Philadelphia bar; they then held up and pistol whipped the patrons and the proprietor. Appellant was sentenced to 10 to 20 years' imprisonment on each charge to run consecutively. Direct appeal was heard by our Court; judgment of sentence was affirmed. *Commonwealth v. Danzy,* 225 Pa. Superior Ct. 234, 310 A.2d 291 (1973) (opinion by SPAETH, J.).[2] Thereafter, appellant, represented by different counsel, filed a PCHA petition on May 23, 1974. Judge DOTY granted leave to file a petition nunc pro tunc for allocatur to the Supreme Court, but denied his other claims because he believed that these issues were waived by reason of

---

1. Act of Jan. 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 et seq.

2. The only issue raised therein was whether it is proper for the court to instruct the jury that a person has a right to remain silent despite the fact that the defendant did not request such a charge.

appellant's failure to raise them on direct appeal. See PCHA, supra, 19 P.S. §1180-3 (d).

Appellant contends, however, that his original counsel's failure to raise the claims now urged upon our Court amounted to ineffective assistance of counsel. If in fact appellant's contentions would have required a reversal if raised on direct appeal, then *a fortiori,* failure to raise those claims on appeal was ineffective assistance of counsel.[3] This conclusion is mandated by *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). Obviously, if a defendant is convicted subsequent to a trial during which reversible error is committed and that error is never cured by a timely appeal, the defendant has been denied due process. *Commonwealth v. Clair,* supra, held that "any error that deprives a defendant of due process can more properly be remedied by a claim of ineffective assistance of counsel [than by invocation of the doctrine of basic and fundamental error]." 458 Pa. at 422, 326 A.2d at 274. Thus we must consider the merits of appellant's new contentions to decide whether his original counsel's failure to pursue them on direct appeal amounts to ineffective assistance of counsel.

Appellant first contends that it was error to sentence him on both bills of indictment because the two offenses merged. He cites the new Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, eff. June 6, 1973; 18 Pa.C.S. §3502, whereunder "[a] person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, *unless the additional offense constitutes a felony of the first or second degree.*" (Emphasis added).

---

3. We cannot imagine a situation in which counsel's action would have "some reasonable basis" if counsel failed to raise a meritorious issue on direct appeal. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).

First, appellant committed his crime prior to the effective date of the new Code. Section 2 of the Act adopting the Code, supra, provides "Title 18 of the Consolidated Pennsylvania Statutes (relating to crimes and offenses), as added by this act, does not apply to offenses committed prior to the effective date of this act and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force." Further, even under the new Code, robbery does not merge with burglary because robbery is a felony of the first degree. Crimes Code, supra, 18 Pa.C.S. §3701. Nor under pre-Code law did the offenses of burglary and aggravated robbery merge. " '. . . The true test of whether one criminal offense has merged in another . . . is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. . . .' " *Commonwealth v. Smith,* 452 Pa. 1, 10, 304 A.2d 456, 461 (1973), citing *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 21 A.2d 920 (1941). The gravamen of the two offenses involved in the instant case is clearly distinct: burglary prohibits the felonious entry, while aggravated robbery condemns the use or threat of force as well as the unlawful taking from another.

Appellant also contends that an essential element of burglary is lacking because the bar which he and his co-felons entered was open to the public. Section 3502(a) provides that an entry into a building is not a burglary if "the premises are at the time open to the public or the actor is licensed or privileged to enter." Again, appellant fails to recognize that the new Code by its express terms does not apply to crimes committed before June 6, 1973. Further, §3502(a) was intended by the Legislature to change the law in effect prior to the June 6 effective date. See Jarvis, *Pennsylvania Crimes Code and Criminal Law,* Comments to §3502.

Next appellant contends that the District Attorney's references to the crime rate in Philadelphia constituted reversible error. He cites the dissenting opinion in *Commonwealth v. Caesar*, 224 Pa. Superior Ct. 266, 302 A.2d 846 (1973), for the proposition that it is unprofessional conduct for the prosecutor to refer to facts outside the record. Appellant fails to cite the important exceptions to that general rule. The prosecutor may not argue from such facts "unless such facts are matter of common public knowledge based on ordinary human experience or matters of which the court may take judicial notice." 224 Pa. Superior Ct. at 270, 302 A.2d at 848. Cf. *Commonwealth v. Feiling*, 214 Pa. Superior Ct. 207, 252 A.2d 200 (1969).

Finally, appellant argues that the trial court committed reversible error by allowing testimony from a police technician that would permit the jury to infer that the appellant had a prior police record.

A long line of cases in Pennsylvania has underscored the proposition that "a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime." *Commonwealth v. Burdell*, 380 Pa. 43, 47, 110 A.2d 193, 195 (1955). This doctrine has been applied in situations that involve not only explicit references to the defendant's record but also to references to photographs or other evidence that permits an inference that the defendant had engaged in prior criminal activity. *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973); *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972).

In the instant case, the testimony objected to by appellant was that of a police technician who testified that he compared a print found at the scene of the crime with a print known to be that of the appellant. The date of the comparison was September 13, 1971, long after the arrest and indictment of the appellant. We agree with

the trial judge's statement during a side bar conference that "[a]s long as he was fingerprinted for this charge and this arrest there's nothing prejudicial in that. The only caution that you must observe is that you are not to introduce the fingerprint from a prior occasion. As long as it was for this [arrest], when he was arrested for this he was fingerprinted and booked, if you use that fingerprint to compare with what was found on the scene is perfectly legitimate and indicates nothing about a prior record of any kind."

Thus, an analysis of appellant's contentions reveal that they are without merit. Therefore, appellant's original counsel's failure to raise these issues on direct appeal cannot be construed as a denial of effective assistance of counsel.

Judgment of sentence is affirmed.

JACOBS, J., concurs in the result.