Opinion by
 

 Hirt, J.,
 

 The defendant Mitchell Kaysier has appealed from three convictions of robbery, on each of which the court imposed a sentence of from 10 to 20 years, to be served consecutively. His principal complaint, in seeking a new trial, is that the court abused its discretion in consolidating the charges of the various indictments for trial.
 

 Although there were sixteen indictments, they charged related offenses arising from the alleged criminal acts of the defendant with others, in but five instances on five separate occasions. The first of these was the burglary of a State Liquor Store in Philadelphia on the night of December 14,1948. A large quantity of liquor valued at $7,500 had been removed through a
 
 *371
 
 rear window of the store through which entrance had been gained and was being loaded on a truck by four men when a police officer surprised them. Only one of them, Joseph Wanner was apprehended at the scene of the crime; the other three fled. Appellant was indicted with Wanner, Daniel Bezanis and one Fischuek, charged with burglary and larceny, and was convicted solely on the testimony of Wanner. This record does not disclose that he was sentenced on that conviction. The second group of crimes was committed on February 10, 1949 by three masked men, each armed with a gun, who entered a taproom on North Fifth Street in Philadelphia. They forced the bartender and all of the patrons in the place to the floor and took their money, as well as the contents of the cash register. Appellant Kaysier with Bezanis and one Lockery were indicted on five bills charging them with robbery and other related offenses, and in a sixth bill charging conspiracy. They were not identified by anyone at the scene of the crimes and the jury found the testimony insufficient to convict them. On the third occasion a sporting goods store on South Penn Square, Philadelphia, was broken into on March 15, 1949 and sixteen automatic pistols and revolvers were taken. When Kaysier was apprehended some time later, a Colt revolver in his belt was identified as one of the guns stolen from the store. On the trial, Kaysier’s demurrer to the burglary and larceny counts was sustained and the jury acquitted him of the remaining charge, receiving stolen goods. The fourth occurrence, with which we are concerned in these appeals, took place on April 14, 1949 when three men, each carrying a gun, entered a used car lot on Oxford Avenue in Philadelphia. They ordered the three men who were in the office to lie on the floor. When one of them did not comply at once, he was shot through the neck. The robbers rifled their pockets and then fled. Because they were masked, their victims were unable to identify them. Ap
 
 *372
 
 pellant Kaysier with Bezanis, Michael San bon. and James Petre were charged with the robbery in three indictments which also contained counts charging related offenses. At the trial it .was. shown that Petre was not present at the scene of the crime and a verdict of not guilty was directed as to him. Sanbor pleaded guilty and on his testimony the jury convicted Kaysier of the charges. It was Kaysier who did the shooting-according to Sanbor’s testimony. On these convictions the court imposed the sentences of appellant from which he took these appeals.: Bezanis was also convicted of all of the charges on his confessions made to the police and the testimony of Sanbor. The remaining indictments were based on the events of the following night when appellant was apprehended. In one of the bills Kaysier and Bezanis were, charged with, carrying- concealed deadly weapons; in a second bill they with Petre were indicted on a charge of conspiracy to rob. A verdict of not guilty was directed as to Petre and the jury acquitted the appellant and the other defendant of both charges.
 

 The court did not err in consolidating- all of the indictments for trial under the circumstances. Bills collateral to the major crimes account for the multiplication of indictments. All of the crimes were committed in series in the City of Philadelphia within the. period of about four months. The appellant was named as a defendant in every indictment (Cf.
 
 Commonwealth v. Faulknier et al.,
 
 89 Pa. Superior Ct. 454) and evidence against him was adduced at the trial on every charge.. Together, the indictments tended to indicate a series of crimes committed in a continuing course of conduct under a single plan. Cf.
 
 Commonwealth v.
 
 Quinn, 144 Pa. Superior Ct. 400, 405, 19 A. 2d 526. There was similarity in technique in the robbery cases. In one case appellant was found in possession of a gun identified as a part of the fruits of a burglary charged in another bill. Those indicted with the appellant were not the
 
 *373
 
 same in every instance but the evidence indicated an association among them all.
 

 It is settled law that the consolidation of indictments charging separate and distinct offenses is largely within the sound discretion of the trial judge and in general a court will not be charged with reversible error unless it is clearly shown that the appellant has been prejudiced thereby.
 
 Commonwealth v. Lehman,
 
 166 Pa. Superior Ct. 181, 70 A. 2d 404;
 
 Commonwealth v. Mulroy,
 
 154 Pa. Superior Ct. 410, 36 A. 2d 337;
 
 Commonwealth v. Roberts,
 
 161 Pa. Superior Ct. 548, 55 A. 2d 577. The record does not disclose that appellant was prejudiced before the jury. On the contrary it clearly appears from the verdicts that the jury was most considerate and convicted him in those cases only where there was testimony directly connecting him with the crimes. The jury acquitted him on nine of the indictments. Verdiets of not guilty were returned on the bills charging burglary of the gun shop and the holdup of the taproom where the proofs consisted in statements made to the police by co-defendants in his presence and not denied by him. As to the burglary charge there was additional proof in his possession of a gun, which had been stolen from the store. Cf.
 
 Commonwealth v. Parker et al.,
 
 294 Pa. 144, 150, 143 A. 904.
 

 There is no merit in appellant’s remaining contentions. He complains that the district attorney failed to give notice by postal card to his counsel in compliance with the Act of July 10, 1935, P. L. 643, 19 PS §30. There is nothing in the record however to indicate that appellant gave the name of his counsel or of any one else to the magistrate for that purpose. Although counsel, who appeared at the trial, had represented appellant at preliminary hearings and knew that he had been bound over to court, he never entered his appearance. Nevertheless he was given notice by telephone that the cases were set for trial, as soon as the district attor
 
 *374
 
 ney’s office had notice that he was representing the appellant.
 

 The court’s charge was. adequate and free from error. Two statements allegedly were made by Bezanis, one oral and the other written. The jury were warned to ignore Bezanis’ written confession as evidence against Kaysier and to consider the oral statement implicating appellant, only if they found that it was made in appellant’s presence or that he did not deny it when confronted with it.
 
 Cf. Commonwealth v. Vallone,
 
 347 Pa. 419, 32 A. 2d 889. Appellant’s counsel could have had an amplification of the charge for the asking, in this, as in other respects where he did make specific requests.
 
 Commonwealth v. Bruno,
 
 316 Pa. 394, 175 A. 518. He did not ask for further instructions on the subject and therefore cannot complain on that score.
 

 Judgments of sentence affirmed.