Commonwealth *v.* Kohr, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joel M. Breitstein,* for appellant.

*David J. Brightbill,* Assistant District Attorney, and *George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This case involves an appeal from an order of the Court of Common Pleas of Lebanon County dismissing the appellant's request for relief under the Pennsylvania Post Conviction Hearing Act of 1966, January 25, P. L. 1580, Section 1 et seq., 19 P.S. §1180-1 et seq.

Appellant, Edwin David Kohr, was arrested on July 19, 1968 and charged with rape, assault and battery, assault with intent to ravish and sodomy. A preliminary hearing on the above charges was held on July 23, 1968, and the defendant was bound over for the next term of the grand jury. On August 8, 1968, upon his attorney's petition, the appellant was committed to Fairview State Hospital under Section 408 of the Mental Health and Retardation Act of 1966, 50 P.S. §4408. The defendant's case was not submitted to the August grand jury but it was submitted to the subsequent grand jury and on November 25, 1968, while the defendant was a patient at Fairview, the grand jury returned a true bill against him. He was released in September, 1970. On September 14, 1970, the defendant was convicted by a jury on all counts and was sen-

tenced to five to fifteen years in a state correctional institution. He is presently released on parole. Post trial motions filed by the defendant were denied by the Lebanon County Court, sitting en banc. This decision was affirmed by the Superior Court in a Per Curiam opinion dated May 20, 1971. *Commonwealth v. Kohr,* 218 Pa. Superior Ct. 843, 279 A. 2d 195 (1971). The Supreme Court refused allocatur. The question here involved was not raised.

On May 13, 1973, appellant filed a petition for relief under the Pennsylvania Post Conviction Hearing Act, supra, alleging incompetency of counsel and the abridgement of a right guaranteed by the Constitution of Pennsylvania or by the Constitution of the United States. On July 27, 1973 a hearing was held and on January 4, 1974 the court below authored an opinion denying the relief requested. Defendant is now appealing the denial of the relief requested in his Post Conviction Hearing Act petition.

The only issue of substance on this appeal involves defendant's contention that he has been denied his right to challenge the array of the grand jury because he was a patient at a mental hospital where he had been committed by the court under Section 408 of the Mental Health and Retardation Act of 1966 at the time of his indictment.

Rule 203 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, grants a defendant the right to challenge the array of the grand jury or to challenge an individual grand juror. This right was meant to be exercised before the bill of indictment is presented to the grand jury. In *Commonwealth v. Collemacine,* 429 Pa. 24, 239 A. 2d 296 (1968), the court affirmed a ruling by the trial court which granted defendant's motion to quash an indictment because the defendant had been denied his right to challenge the array of the grand jury. In that case, the defendant

had not been notified that his case would be presented to the grand jury. The court held that an accused has the constitutional right to challenge the array of the grand jury and that failure to notify a defendant that his case would be presented to a particular grand jury violated fundamental notions of due process since the defendant must exercise his challenge before the bill of indictment is submitted to the grand jury. There is no doubt therefore that a defendant possesses the right to effectively challenge the array of the grand jury. The appellant contends that he was not notified but there was testimony that he was and credibility at the hearing was resolved against him.

Section 409 of the Mental Health and Retardation Act, 1966, 50 P.S. §4409, provides that when a person is committed in accordance with Section 407 or Section 408 of the Act, supra, the attorney for the Commonwealth may submit indictments to the grand jury involving the charges which formed the basis of defendant's commitment. The Act, supra, then explicitly states that all other criminal proceedings against the defendant shall be stayed. Thus, an apparent conflict exists between Rule 203 of the Rules of Criminal Procedure and the holding in *Commonwealth v. Collemacine,* supra, and Section 409 of the Mental Health and Retardation Act of 1966, supra, in that an accused who is confined to a mental institution may very well be incapable of effectively exercising his right to challenge the array of the grand jury. The learned trial judge in the court below, in a well-reasoned opinion, resolved the conflict by pointing out that a person committed under Section 408 of the Mental Health and Retardation Act of 1966, supra, is not necessarily legally incompetent or legally insane.

Thus, the court reasoned that just because the defendant had been committed under Section 408 and was confined at the time when the bill of indictment

was presented to the grand jury does not mean that he could not have effectively exercised his right to challenge the array of the grand jury and by his failure to do so, he waived that right. While the trial court's statement that commitment under Section 408 is not a determination of legal insanity is correct a closer examination of that section and of the facts of this case reveals a fatal flaw in this line of reasoning. Section 408(d) of the Act, supra, 50 P.S. §4408(d), provides that the court, in considering a petition for commitment under this section, shall give due regard to the capacity of the defendant to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, to understand the nature of the punishment which might be inflicted upon him, to confer with his counsel with reference to such proceedings, to make a rational defense, and the probable effect of the trial on the person's physical and mental condition.

Since these are the criteria for determining whether a defendant should be committed under this section and since the defendant was committed it follows that he was not in a position to rationally exercise his right to challenge the array of the grand jury at the time that the bill of indictment was presented to it. Furthermore, in an opinion for the court en banc, dated December 1, 1970, Judge MEYER specifically stated that the defendant had been committed to a mental institution at the time of the indictment as one who was unable to co-operate with counsel in the trial of his own case. It would be an exercise in futility to provide the defendant with the right to challenge the array of the grand jury and then to permit him to be indicted by that grand jury while he is confined to a mental institution as one who is unable to co-operate with his own counsel in his own defense. We find that a person who is confined to a mental hospital as one who is

unable to co-operate with his own counsel in his own defense is as effectively deprived of his right to challenge the array of the grand jury during his period of confinement as one to whom no notice was given and such deprivation constitutes a denial of due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

We hold, therefore, that since a defendant does have the right to challenge the array of the grand jury and given the criteria for determining a commitment under Section 408, that that part of Section 409 of the Mental Health and Retardation Act of 1966, supra, which permits an attorney for the Commonwealth to proceed with indictment while the defendant remains committed under Section 408 is an unconstitutional deprivation of due process of law and, as such, must fall.

The conviction is reversed, the indictment quashed without prejudice to the Commonwealth.