## Commonwealth, Appellant, *v.* Cutillo.

Submitted March 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Timothy H. Knauer,* Assistant District Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellant.

*William J. C. O'Donnell,* for appellee.

OPINION BY HOFFMAN, J., April 22, 1975:

Appellant, the Commonwealth of Pennsylvania, contends that the lower court erred in granting the appellee's petition to dismiss charges pending against him. The appellee was not brought to trial within 270 days after the filing of the complaint, as required by Rule 1100, Pa. R. Crim. P.

On November 8, 1973, a criminal complaint was filed charging the appellee with blackmail and cheating by fraudulent pretenses. On November 26, 1973, the grand jury returned a bill of indictment on these two counts.[1] Under Rule 1100(a)(1), as adopted June 8, 1973, "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."[2] Therefore, the last date on

---

1. On August 9, 1974, the appellee filed a separate petition to quash the indictment, alleging, inter alia, that the indictment was void and irregular. As we affirm the dismissal pursuant to Rule 1100(f), we need not consider this motion.

2. If the complaint is filed after June 30, 1974, the trial must commence within 180 days of the date of the complaint. Computation of time under this rule is governed by the Act of November 25, 1970, P.L. 707, No. 230, added December 6, 1972, P.L. 1339, No. 290, §3, 1 Pa. S. §1908.

which this case could have been called to trial was August 5, 1974. The case was not called to trial at any time within this period. The Commonwealth contends that this was a result of an error in the computer system operated by the court administrator, which erroneously listed the case as awaiting grand jury action, when it should have been listed as ready for trial. This error was discovered in an audit of the court administration computer system on June 15, 1974. A computer printout indicates that on July 4, 1974, the case was listed for trial on August 12, 1974, a date falling outside the 270-day period. On August 7, 1974, the Commonwealth filed a petition for leave to file an application nunc pro tunc for an order extending the time of commencement of trial. On August 9, 1974, the appellee filed a petition to dismiss the charges with prejudice pursuant to Rule 1100(f). On August 22, 1974, the Commonwealth's motion was denied. On October 15, 1974, the lower court, after a hearing, granted the appellee's motion to dismiss the charges. This appeal followed.

In *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A. 2d 127 (1972), our Supreme Court announced that "in order to more effectively protect the right of criminal defendants to a speedy trial and also to help eliminate the backlog in criminal cases in the courts of Pennsylvania we deem it expedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be brought to trial, in the future, in this Commonwealth." 449 Pa. at 308-309, 297 A. 2d at 133. Following this decision, the Supreme Court promulgated Rule 1100 "setting a time limit in which cases could be brought to trial, the violation of which would result in an immediate dismissal if the delay were not caused by the defendant himself." *Commonwealth v. Pearson*, 230 Pa. Superior Ct. 304, 307, 327 A. 2d 167, 168 (1974).

Rule 1100(d) provides that "[i]n determining the period for commencement of trial, there shall be excuded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." The lower court found that there had been no such continuance or delay due to the unavailability of the defendant or his attorney, and no appeal has been taken from that finding.[3]

With regard to extension of time, Rule 1100(c) provides that "[a]t any time *prior to the expiration of the period for commencement of trial,* the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." (Emphasis supplied.) The Commonwealth admits that its petition was not filed until August 7, two days after the period for commencement of trial. The Commonwealth's petition was therefore not timely.

The Commonwealth contends that its failure to bring the case to trial or apply in a timely manner for an extension was due to an error in the court administrator's computer system, which listed the case as awaiting grand jury action when it should have been listed as ready for trial. Whether or not the computer malfunction would have excused the scheduling of a late trial date, it could

---

3. The lower court correctly ruled that only those absences of the defendant or his attorney which might have caused a delay in the proceedings are relevant to this subsection. The Commonwealth had contended the lower court had to consider all days, including holidays, when the defendant or his attorney happened to be on vacation, even though there was no indication that the case would have been called by the Commonwealth on any of those days had the defendant and his attorney been available.

not excuse the Commonwealth's failure to file a timely motion for an extension. Section 1100 (c) provides that "[s]uch application [for extension of time] shall be granted ony if trial cannot be commenced within the prescribed period *despite due diligence by the Commonwealth.*" (Emphasis supplied.) If the Commonwealth must show due diligence in order to get an extension of time when a petition is timely filed, it must meet at least an equal burden in order to justify a late petition. The district attorney did not need a computer to know when 270 days would expire; the simplest filing system would have alerted him to call this case to the attention of the court when the end of the permissible trial period approached and no appropriate trial date had been scheduled.[4]

As the Commonwealth failed to bring appellee to trial within 270 days as required by Rule 1100 (a)(1), and as the Commonwealth failed to comply with the requirements of Rule 1100 (c) regarding extensions of time, the lower court was correct in dismissing the charges against appellee.

Order affirmed.

---

4. Although it is not clear when the Commonwealth learned of the computer error, the court administrator's office learned of it by June 15, 1974. In addition, even the January 12, 1974, computer printout, which listed the case as "without status," when it should have been listed as "grand jury approved," should have been sufficient to put the Commonwealth on notice of the error, had it consulted with the court administrator at that time. The attention which the district attorney has accorded this case is hardly appropriate for a matter which he now calls "a very important case to Chester County," resulting from a Pennsylvania State Crime Commission investigation.