Commonwealth *v.* Lewis, Appellant.

358

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward F. Browne, Jr.,* and *William C. Haynes,* Assistant Public Defenders, for appellant.

*Michael H. Ranck,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 1, 1975:

On February 23, 1974, a written complaint was filed against appellant charging him with a violation of Section

3921 of the Pennsylvania Crimes Code, theft by unlawful taking.[1] Under Pa. R. Crim. P. Rule 1100, the Commonwealth was bound to either commence trial on this charge[2] or petition for an order extending the time for commencement of trial[3] by November 20, 1974; i.e., within 270 days after the filing of the complaint. The Commonwealth, however, during the passage of this time period took no action whatsoever. Subsequently on November 25, 1974, it filed a petition requesting an extension of time for commencement of trial. The appellant then filed an application to dismiss the charges pursuant to the violation of Rule 1100. The lower court denied appellant's request for dismissal and granted the Commonwealth's request for extension of time. Appellant was tried and convicted on May 21, 1975, and submitted post-verdict motions as to this issue. Post-verdict motions having been denied, appellant now appeals to his court again raising the violation of Rule 1100.

The Commonwealth contends that the period for the commencement of trial and, therefore, the period in which it could petition for an extension of time, was increased pursuant to Rule 1100 (d)[4] due to the unavailability of

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §3921.

2. Rule 1100 (a) (1) states:
    "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

3. Rule 1100 (c) states, in part:
    "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial."

4. Rule 1100 (d) states:
    "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

appellant and his attorney. In support of this contention the Commonwealth sets forth two periods of unavailability, either one of which extends the period of commencement of trial well beyond November 25, 1974. The first period concerns the unavailability of appellant's attorney. A preliminary hearing scheduled for July 22, 1974, was continued until August 19, 1974, at the request of appellant's attorney due to his being out of town. But, because the continuance was not in excess of 30 days, it is not excluded in determining the period for commencement of trial. See Rule 1100 (d) (2).[5] The second period concerns the unavailability of the appellant, himself. The Commonwealth claims that an 81 day period of time between the failure of appellant to appear for trial on March 21, 1974, on other charges, and June 10, 1974, when he was apprehended on a bench warrant relating to those other charges, should be excluded from the time period for commencement of trial on the instant charge. While it is true that appellant was unavailable during the 81 day period his unavailability in no way caused delay in the proceedings related to this case. It is only those absences of the defendant or his attorney which caused a delay in the proceedings of the *case in question* which can be excluded pursuant to Rule 1100 (d). See *Commonwealth v. Cutillo,* 235 Pa. Superior Ct. 131, 135, n.3, 339 A.2d 123, 125, n. 3 (1975).

Therefore, since the Commonwealth neither commenced trial nor petitioned for an order extending the time for commencement of trial within 270 days, and since the period for commencement of trial was not extended

---

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

5. *Id.*

pursuant to Rule 1100 (d), the charges against appellant should have been dismissed.

Judgment of sentence vacated and appellant discharged.

WATKINS, P. J., dissents.