Commonwealth *v.* Adams, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward F. Browne, Jr.,* Assistant Public Defender, for appellant.

*Louise G. Herr,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 1, 1975:

On September 16, 1974, appellant was convicted by a jury of escape.[1] Timely motions in arrest of judgment and for a new trial were refused by the lower court, and sentence was pronounced. Appellant contends, *inter alia,* that his right to a speedy trial was denied in that he had not been brought to trial within 270 days from the date the criminal complaint was filed against him, as required by Pa.R. Crim.P. 1100(a)(1). We agree, and therefore reverse the judgment of sentence and discharge the appellant.

The relevant events transpired as follows: The written complaint charging appellant with escape was filed on December 3, 1973. After his arrest, appellant was arraigned on December 10, 1973, and a preliminary hearing occurred on July 8, 1974. The trial itself was held on September 16, 1974, 287 days after the complaint was filed.[2] Ten days prior to trial, the appellant, asserting non-compliance with Rule 1100(a)(1), petitioned the lower court to dismiss the charges against him.[3] In deny-

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1 (18 Pa.C.S. §5121).

2. From the time of his arrest, appellant, under sentence from another charge, was incarcerated in Lancaster County Prison.

3. Pa.R.Crim.P. 1100(f) provides in pertinent part: "At

ing the petition, the lower court ruled that the delay in appellant's trial was due, at least in part, to the "unavailability" of his own counsel, and therefore refused to compute a three month period against the Commonwealth, stating that from March to June of 1974, the appellant's counsel, although fully aware that a complaint had been filed against his client, neglected not only to communicate with his client but also to request that a preliminary hearing be scheduled.[4]

The right to a speedy trial is one of our "most basic rights," *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967), and is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. Recently, the Pennsylvania Supreme Court declared that "in order to more effectively protect the right of criminal defendants to a speedy trial and also to help eliminate the backlog in criminal cases in the courts of Pennsylvania we deem it expedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be brought to trial, in the future, in the Commonwealth." *Commonwealth v. Hamilton*, 449 Pa. 297, 308-309, 297 A.2d 127, 133 (1972). Subsequently, that court promulgated Rule 1100 which sets "a time limit in which cases could be brought to trial, the violation of which would result in an immediate dismissal if the delay were not caused by the defendant himself." *Commonwealth v. Pearson*, 230 Pa. Superior Ct. 304, 307, 327 A.2d 167, 168 (1974).

---

any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

4. Although not necessary for our holding, but consistent therewith, we note that under Pa.R.Crim.P. 140(f) the "issuing authority," and not the defendant's counsel, has the responsibility to schedule a preliminary hearing within three to ten days after the defendant's arraignment.

Rule 1100(a)(1) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." The rigidity of this rule, however, is tempered by Rule 1100 (d)(1) which provides that "[i]n determining the period for the commencement for trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney."

In refusing appellant's petition to dismiss the charges, the lower court stated that the appellant's counsel had the duty to arrange for a preliminary hearing. This position is untenable. Rule 1100 mandates that it is the Commonwealth's obligation to commence a trial no later than the prescribed time from the filing of a written complaint, unless excused upon a showing of due diligence. Rule 1100 is thereby consistent with prior case law which holds that it is the duty of the State to bring a defendant to trial. *E.g., Barker v. Wingo,* 407 U.S. 514 (1972); *Commonwealth v. Cardonick,* 448 Pa. 322, 292 A.2d 402 (1972). These cases recognize that the strategy of defense often calls for delay and that the right to a speedy trial is not to be honored only for the vigilant and the knowledgeable. *See Barker v. Wingo, supra; Hodges v. United States,* 408 F.2d 543 (8th Cir. 1969).

The lower court also determined that there existed a period of time in which appellant's counsel was "unavailable" to the appellant and therefore applied Rule 1100(d)(1) to stay the running of the 270 days. The evidence indicates that for about three months the appellant's counsel ignored the requests of his client to visit him in prison. Rule 1100(d)(1), however, is not brought into play by the mere showing that there existed some period of time in which no communication existed between a counsel and his client. Instead, the proper appli-

cation of Rule 1100(d)(1) requires that the Commonwealth prove that it was actually prevented from fulfilling its duty of calling the case to trial by the unavailability of the defendant or his counsel. In this case, it is evident that the Commonwealth was simply unable to list the case for trial prior to September 16, 1974, the date on which the trial occurred. As we have previously noted, it is not the defendant's duty to bring himself to trial. Thus, in no way could the "unavailability" of appellant's counsel to the appellant be seen as a hinderance upon the ability of the Commonwealth to list the case for trial. We find that Rule 1100(d)(1) is therefore inapplicable in the instant situation.

The judgment of sentence is reversed and the appellant is discharged.