407 A.2d 406
COMMONWEALTH of Pennsylvania
v.
Irving BUNDRIDGE, Appellant.
Superior Court of Pennsylvania.
Submitted Oct. 26, 1978.
Decided July 6, 1979.
Petition for Allowance of Appeal Granted Feb. 4, 1980.

2

Andrew J. Achman, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

**WIEAND, Judge:**

Irving Bundridge, appellant, was tried by jury and convicted of bribery,[1] criminal solicitation to commit perjury,[2] tampering with a witness,[3] and violation of the Controlled Substance Act.[4] On appeal to this Court, the convictions were upheld, and a judgment of sentence was affirmed.[5] Thereafter, a P.C.H.A. petition was filed and denied following hearing. In the instant appeal from such denial, appellant argues that his first appellate counsel was ineffective for failing to pursue on direct appeal a pre-trial ruling which had denied his application to dismiss under Pa.R.Crim.P. 1100. We find no merit in this contention and affirm the order of the court below.

■ At the P.C.H.A. hearing, appellate counsel testified that the Rule 1100 claim had not been argued on direct appeal because, in his judgment, it lacked merit. If counsel failed to pursue a meritorious claim, i. e., one which would have required reversal of appellant's conviction, his representation of appellant would have been constitutionally ineffective. *Commonwealth v. Danzy,* 234 Pa.Super. 633, 340 A.2d 494 (1975). The burden of proving ineffectiveness, however, was on appellant. *Commonwealth v. Klaric,* 263 Pa.Super. 286, 397 A.2d 1212 (1979); *Commonwealth v. Sweitzer,* 261 Pa.Super. 183, 395 A.2d 1376 (1978); *Commonwealth v. Barnes,* 248 Pa.Super. 579, 375 A.2d 392 (1977). This burden appellant failed to carry. He has failed to show that counsel could have argued successfully that appellant's trial was held in violation of the 180 day requirement of Rule 1100. Instead, the record discloses a case, no longer

1. 18 Pa.C.S. § 4701.

2. 18 Pa.C.S. § 902.

3. 18 Pa.C.S. § 4907.

4. Act of April 14, 1972, P.L. 233, No. 64, known as " 'The Controlled Substance, Drug, Device and Cosmetic Act' "; 35 P.S. § 780–101 et seq.

5. *Commonwealth v. Bundridge,* 248 Pa.Super. 596, 374 A.2d 700 (1977).

4

uncommon, in which the defense and the defense alone had caused a series of trial delays and then attempted to take advantage of such delays to obtain a dismissal of the charges.

Criminal complaints were filed on April 24, 1975, and appellant was arrested the same day. On July 29, 1975, a trial postponement was granted at the request of appellant's privately retained counsel, who told the court that he required additional time within which to prepare and file pre-trial motions. The written application, containing the signatures of appellant and his counsel, recited unequivocally: "This case shall be tried on October 6, 1975."

On October 6, 1975, appellant failed to appear for trial, and a bench warrant was issued for his arrest. He was not found until December 26, 1975, when the bench warrant was executed and appellant was taken into custody.

After appellant's arrest on the court issued bench warrant, the Public Defender was substituted as defense counsel; and trial was set for February 10, 1976. On that day, however, appellant's newly acquired counsel obtained still another continuance. The reason given in support of this motion was that counsel was "not ready." The written application, which appellant signed, recited: "This case shall be tried on March 2." Appellant also executed at this time an express waiver of his right to a speedy trial.

Prior to trial on March 2, 1976, defense counsel filed an application to dismiss under Rule 1100. This was heard on March 2, 1976 and was denied. Trial commenced on the following day, March 3, 1976.

The foregoing chronology demonstrates that 96 days had elapsed between April 24, 1975 and July 29, 1975. Because the continuance requested by appellant was from July 29, 1975 to the specific date of October 6, 1975, the Commonwealth was chargeable with only an additional thirty days. See: Pa.R.Crim.P. 1100(d)(2). After taking extensive testimony, the lower court found that appellant had been unavailable for trial from October 6, 1975 until December 26,

1975. The evidence presented at the pre-trial hearing amply supports this conclusion.[6] This period of time, therefore, was properly excluded from the 180 day computation.

■ Trial was thereafter set for February 10, 1976, 46 days after appellant's arrest on the court's bench warrant. On February 10, 1976, which was the 172nd day, appellant requested a final postponement and agreed to a trial date of March 2, 1976. He also waived expressly at that time his right to a speedy trial. Having waived this right and having agreed to a trial date beyond the expiration of the 180 day period, appellant consented to and cannot complain of this final delay. This period was not chargeable to the Commonwealth and did not compel a dismissal of the charges. *Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975). It can be seen, therefore, that appellant's trial clearly did not violate the mandate of Rule 1100. Such an issue was meritless, and appellant's counsel was not ineffective for failing to pursue it on appeal. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ Appellant argues on appeal that he did not receive notice of the October 6, 1975 trial date. Appellant's contention that he had signed an incomplete application for continuance on July 29, 1975 and, therefore, did not know that trial had been set for October 6, 1975, was made for the first time at the P.C.H.A. hearing. The lower court rejected appellant's assertion and concluded that he had failed to prove a meritorious Rule 1100 claim which could have been pursued successfully by appellate counsel. This, too, is supported by the record. In this respect, it may be observed (1) that appellant's P.C.H.A. hearing testimony was not in accord with his pre-trial testimony and injected a contention which was not apparent from the record available on direct

6. Three police officers testified for the Commonwealth as to the efforts made by them to find appellant. These efforts included the surveillance of the residence where appellant was initially arrested, the surveillance of a residence where a relative lived, and an investigation of other places appellant was known to frequent. The officers also spoke with various informants, who in fact eventually gave the officers the information which led to appellant's arrest.

appeal; (2) that appellant did not suggest, much less prove, that his privately retained trial counsel lacked notice of the October 6th trial date; and (3) the lack of personal notice to appellant, if such had been the case, would not have altered the effect of his unavailability for trial from October 6 to December 26, 1975, during which period he could not be found.

The order dismissing appellant's P.C.H.A. petition is affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I dissent.

Appellant contends that the lower court erred in denying him relief after a hearing under the Post Conviction Hearing Act ("PCHA").[1] Specifically, he claims that his prior counsel was ineffective because he did not raise on direct appeal the properly preserved and meritorious issue of the trial court's denial of his Rule 1100(f) motion. From my review, I would conclude that the record is insufficient to determine whether this contention has merit and, accordingly, would remand for further proceedings.

Examination of the pre-trial record and notes of testimony reveals the following facts:

On April 24, 1975, Pittsburgh police arrested appellant and filed written criminal complaints charging him with bribery,[2] tampering with witnesses,[3] criminal solicitation[4] to commit perjury and theft, and violation of the Controlled

1. Act of January 25, 1966, P.L. 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq.

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 4701.

3. The Crimes Code, *supra*; 18 Pa.C.S.A. § 4907.

4. The Crimes Code, *supra*, 18 Pa.C.S.A. § 902.

Substance Act.[5]  Trial did not commence until March 3, 1976, 314 days later.  On July 29, 1975, appellant's privately retained attorney submitted to the court a form Application for Postponement in which he moved for a continuance because he had not received notice of trial and wished to file various pre-trial motions.  Appellant signed the Application. The Application stated: "THIS CASE SHALL BE TRIED ON Oct. 6, 1975;" the date was filled in at an unspecified time and by an unknown hand.  Appellant was on bail at this time.

On October 6, 1975, appellant did not appear at trial, his bail bond was forfeited, and the court issued a bench warrant against him.  On December 26, 1975, police arrested appellant for defaulting in his required appearance.[6]  At an unspecified time, appellant's private counsel withdrew from the case;[7] sometime after this arrest, the Public Defender began to represent appellant.

On February 10, 1976, appellant, having been served with a subpoena to appear, again consented to a postponement by signing another form Application for Postponement which stated: "Defense counsel not ready" and "THIS CASE SHALL BE TRIED ON March 2."  On that same day, appellant also signed a waiver of "his right to a speedy trial . . . for that reasonable period of time relating to the administrative processes of court in relisting for trial and for any delay in prosecution which may result therefrom."

5.  The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 1; 35 P.S. § 780–101.

6.  The Crimes Code, supra; 18 Pa.C.S.A. § 5124.  There is a factual dispute concerning whether this charge relates to appellant's failure to appear on October 6, 1975 or to his failure to appear in another matter in September 1975.  The record of this default case was not made a part of the record here.

7.  Pa.R.Crim.P. 302(b) provides:
    "(b) Counsel for a defendant may not withdraw his appearance except by leave of court.  Such leave shall be granted only upon motion made and served on the attorney for the Commonwealth and the client, unless the interests of justice otherwise require."  The record contains no application to withdraw by appellant's private counsel or order granting same.

8

Appellant then filed a written Application to Quash the Indictment under Pa.R.Crim.P. 1100. At the March 2, 1976 hearing on this application, three police officers testified about their attempts to find appellant after October 6, 1975. Appellant testified that although he signed the July 29, 1975 Application he did not know that he was to appear on October 6 and never received any notice to appear. He was under the impression that the case was postponed, but his private attorney never contacted him about the new trial date or about his withdrawal from the case.[8] The private attorney did not testify. The Commonwealth produced the July 29 Application but did not produce any documentary evidence or testimony that appellant had been notified that he should appear on October 6. No notice to appear or subpoena is in the record. After hearing the testimony, the court denied appellant's Rule 1100 application.

On March 3, 1976, a jury trial commenced at which appellant was found guilty of bribery, tampering with a witness, criminal solicitation to commit perjury, and violation of the controlled substance act. The Public Defender then filed a post-verdict motion, which alleged, inter alia, that "[t]he court erred in not granting defense counsel's timely Motion to Quash the Indictment." The court denied the motion, finding that appellant was "not available". On May 7, 1976, the court, on motion of the Commonwealth, dismissed the default in required appearance charge against appellant.[9] On June 24, 1976, the court sentenced appellant to serve two consecutive terms of two to four years imprisonment for two counts of bribery and suspended sentence on the remaining convictions. On July 26, 1976, the appellate section of the Public Defender filed a direct appeal for appellant but did not raise the Rule 1100 issue. We affirmed the judgment of sentence per curiam on May 27,

8. From my review of the testimony at this Rule 1100(f) hearing, I must, therefore, disagree with the majority's observation that appellant ; contention that he was not given notice "was not apparent from the record available on direct appeal." (Maj. opin., p. 409).

9. See note 6 supra.

1977. *Commonwealth v. Bundridge,* 248 Pa.Super. 596, 374 A.2d 700 (1977).

At the PCHA hearing on July 18, 1977, the Public Defender attorney in charge of appellant's direct appeal testified that he reviewed the record and the notes of testimony of the March 2, 1976 hearing on the motion to quash and deemed the Rule 1100 issue unmeritorious because it was a factual dispute already resolved against appellant by the lower court. He further testified that appellant's pre-trial and trial level Public Defender attorney had written the following note to the appellate section: "As to preliminary motions, the case was not tried within 180 days, although police claimed the event of his absence. Complaint against defendant for default in required appearance was subsequently dismissed for lack of prosecution."

After the hearing,[10] the lower court denied appellant's PCHA petition. This appeal followed.

I note initially that the Public Defender represented appellant throughout the motion to quash, trial, and direct appeal stages of the proceedings. The Rule 1100 issue was properly preserved for our review by timely filed written motion to quash under Rule 1100(f) and post-verdict motions but was not in fact raised on direct appeal. Thereafter, represented by different counsel, appellant filed the PCHA petition which is the subject of this appeal. Under these circumstances, appellant may properly contest the ineffectiveness of his direct-appeal counsel at his PCHA hearing and in this PCHA appeal. *Commonwealth v. Dancer,* 460 Pa. 95, 100, 331 A.2d 435, 438 (1975); *Commonwealth v. Drummond,* 238 Pa.Super. 311, 318, 357 A.2d 600, 604 (1976).

Appellant contends that the following argument is meritorious and should have been raised on direct appeal: He was not "unavailable" for the 81 days between October 6, the date he failed to appear at trial, and December 26, 1975, the date he was apprehended, because he was not notified that

**10.** At the PCHA hearing, appellant testified substantially the same as he had at the motion to quash.

trial had been scheduled for October 6, 1975.[11] In determining whether appellant's counsel was ineffective for not appealing this claim, our "only inquiry is whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered as advancing and protecting the appellant's interest." *Commonwealth v. Roundtree,* 469 Pa. 241, 249, 364 A.2d 1359, 1363 (1976). If the claim would have required reversal if raised on direct appeal, counsel was ineffective for not raising it. *Commonwealth v. Danzy,* 234 Pa.Super. 633, 340 A.2d 494 (1975). If, on the other hand, the claim is meritless, counsel was not ineffective for not raising it, even if the decision was not the result of an informed choice. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

Appellant's trial commenced 134 days after the mandatory 180 day period provided by Rule 1100(a)(2). It was the Commonwealth's duty, not appellant's, to bring appellant to trial within the Rule's strictures. *Commonwealth v. Roundtree, supra,* 469 Pa. at 253, 364 A.2d at 1365 (1976); *Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975). Because the Commonwealth filed no applications for extension of time under Rule 1100(c), it had to prove at the hearing on appellant's motion to quash that 134 days were excluded from calculation by operation of Rule 1100(d). *See Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976).

Rule 1100(d) provides: "(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;

"(2) any continuance if in excess of thirty (30) days granted at the request of the defendant or his attorney, provided

11. On this appeal, appellant also claims, for the first time, that his February 10, 1976 waiver was not voluntary because he was forced to choose between going to trial with unprepared counsel and foregoing his right to a speedy trial. Because appellant never raised this issue specifically in his PCHA petition or at the PCHA hearing, he is precluded from raising it on this appeal. *Commonwealth v. Wilson,* 482 Pa. 350, 393 A.2d 1141 (1978).

that only the period beyond the thirtieth (30th) day shall be so excluded;"

In *Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978), our Supreme Court stated that "[when] a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, *upon receipt of reasonable notice.*" (emphasis added). *Id.,* 481 Pa. at 354, 392 A.2d at 1330. Accordingly, the Court held "that a defendant on bail who fails to appear at a court proceeding, *of which he has been properly notified,* is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. In such a case the Commonwealth is entitled to an exclusion of this period under section (d)(1) without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence." (emphasis added). *Id.,* 481 Pa. at 356, 392 A.2d at 1331. Because the record did not establish whether the defendants in *Cohen* "had been properly served notice" to appear, the Court remanded for further proceedings. *Id.,* 481 Pa. at 356, 392 A.2d at 1331.

The instant case poses the question of what constitutes "reasonable" or "proper" notice for purposes of Rule 1100(d)(1). *Cohen, supra.* An examination of our court rules, statutes, and Constitutional due process requirements provides some guidance.

Pa.R.Crim.P. 309(b)(1)[12] provides: "(b) Except as otherwise provided in these rules, any notice, paper or document for which service is required, may be served:

"(1) by handing a copy personally to counsel *or* defendant;" (emphasis added). However, the Rules are silent concerning both the requirement and form of notice to defendants to appear for trial. *See, e. g.,* Pa.R.Crim.P. 110, 112 (summons for preliminary hearing and its service),

---

12. At the time of appellant's pretrial proceedings, the text of this Rule was contained in former Rule 306(a)(1).

140(f)(2) (notice of preliminary hearing), 143(c) (notice of trial to any persons whose presence is desired by defendant), 144 (compulsory process of witnesses). *Cf. Commonwealth v. Kaysier,* 166 Pa.Super. 369, 71 A.2d 846 (1950) (notice to defendant's counsel by telephone instead of by postal card under Act of July 10, 1935, P.L. 643, 19 P.S. § 30).

Adequate notice of proceedings is a basic element of due process. *Commonwealth ex rel. Light v. Maroney,* 413 Pa. 254, 196 A.2d 659 (1964); *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 187 A.2d 278 (1963). Although personal service of written notice will "always [be] adequate in any type of proceeding," notice which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" is constitutionally adequate. *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 313–14, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Notice to an accused's counsel may under certain circumstances be constitutionally adequate notice to the accused. *See Commonwealth v. Collemacine,* 429 Pa. 24, 239 A.2d 296 (1968) (Commonwealth's failure to notify either defendant *or* counsel of grand jury proceedings violated due process). *See also Commonwealth v. Kohr,* 228 Pa.Super. 195, 200–201, 323 A.2d 79, 81 (1974) (". . . a person who is confined to a mental hospital as one who is unable to cooperate with his own counsel in his own defense is as effectively deprived of his right to challenge the array of the grand jury during his period of confinement as one to whom no notice was given and such deprivation constitutes a denial of due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.") *But see Commonwealth v. Tolbert,* 246 Pa.Super. 23, 369 A.2d 791 (1977) (when defendant absent through no fault of his own—his attorney told him not to appear until the next day—his attorney was ineffective for starting jury voir dire when defendant not present); *Commonwealth v. Doctor,* 228 Pa. Super. 304, 323 A.2d 790 (1974) (error to try defendant in

absentia although certified letter with notice to appear in court was sent to defendant but returned "Moved, left no address" and defendant represented at trial by Public Defender).

Reviewing the above and reflecting upon the purposes of Rule 1100(d)(1), I would conclude that "reasonable notice" under *Commonwealth v. Cohen, supra,* is not limited to personal service of written notice to defendants. Oral notification to defendants will also be sufficient. Hence, if appellant was present in the courtroom at the time his trial was scheduled for October 6, 1975, he was reasonably notified. In addition, if the custom or practice of the court is to give written or oral notice of trial to a defendant's attorney of record, such custom or practice will, under most circumstances, be sufficient because such notice, despite any informality of delivery, may be reasonably calculated to give actual notice to defendant that his appearance will be required.

From the sparse record in the case at bar, I cannot determine whether appellant received reasonable notice to appear on October 6, 1975. We have no evidence concerning the following: (1) whether appellant was in the courtroom at the time the July 29, 1975 continuance was granted; (2) whether the new trial date of October 6, 1975 was already written on the Application for Postponement when appellant signed it; (3) whether the Commonwealth was in fact ready to proceed to trial on October 6; (4) what were the customs and practices of the trial court for notifying defendants or their attorneys of the time for trial and whether those customs and practices were followed in this case. In addition, we have no testimony from appellant's private counsel confirming or denying appellant's claim that his attorney notified him neither of the October 6 trial date nor of his withdrawal from the case. I am concerned with this latter point because appellant may have been unrepresented, without his knowledge, for a substantial period of time; any

notice to his private counsel would not be reasonable if such counsel was no longer of record. Accordingly, I would remand for further proceedings.[13] If, after developing the facts more fully, the court below were to find that appellant was given reasonable notice to appear on October 6, 1975, then it could conclude that he was unavailable for the 81 days between October 6 and December 16, 1975. It would follow that he was tried within the Rule 1100 time period and that his direct appeal counsel was not ineffective for failing to appeal a meritless issue. If, on the other hand, the court were to find that appellant did not receive reasonable notice to appear on October 6, then it would have to conclude that he was not "unavailable" during the subsequent 81 day period. Because his direct-appeal counsel would then have failed to raise an issue requiring reversal of appellant's conviction, his assistance must be deemed ineffective and appellant should then be discharged.

**13.** I wish to emphasize that the Commonwealth's inability to locate appellant *after* October 6, 1975 has no bearing upon the issue of whether he was reasonably notified that he had to appear on October 6. The Commonwealth must show under Rule 1100(d)(1) that appellant's absence caused a delay in the proceedings. *Commonwealth v. Cutillo,* 235 Pa.Super. 131, 135 n. 3, 339 A.2d 123, 125 n. 3 (1975). *See Commonwealth v. Adams,* 237 Pa.Super. 452, 456, 352 A.2d 97, 99 (1975). Thus, when the Commonwealth proves that a defendant was unavailable for a given period but does not link his absence to a delay in the case in question, we will not exclude that period of absence. *Commonwealth v. Lewis,* 237 Pa.Super. 357, 352 A.2d 99 (1975) (unavailability for another case did not cause delay in case in question). When the Commonwealth does not initially follow proper procedures, it cannot use a defendant's subsequent unavailability "as an excuse for failing to comply with Rule 1100." *Commonwealth v. Porter,* 251 Pa.Super. 346, 351, 380 A.2d 812, 815 (1977) (because the Commonwealth waited eight weeks, without cause, before filing a writ for accused's removal from federal custody it cannot claim as an excuse under Rule 1100 that six to eight weeks would have elapsed in obtaining the accused even if it had diligently filed the writ). Similarly, the Commonwealth in this case may not argue that appellant's disappearance after October 6, 1975 shows that he would have been unavailable under Rule 1100(d)(1) even if it had properly and reasonably notified him of his required appearance. *Cf. Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663 (1979); *Commonwealth v. Brett,* 262 Pa.Super. 326, 396 A.2d 777 (1978) (if defendant's attorney not served with Rule 1100(c) application then extension improperly granted and defendant should be discharged).