## Commonwealth v. Emerich

*Louise G. Herr, Assistant District Attorney,* for Commonwealth.
*John H. Morris,* for defendant.

LEHMAN, *S.J.,* June 18, 1980—

## BACKGROUND

On September 11, 1979 a jury was impaneled and trial proceeded on bill numbers 2528, 2529, 2530 and 2531 of 1976 and numbers 2156 and 2157 of 1977.

At the close of the Commonwealth's case, the defense demurred to the evidence and subsequently filed a written motion for a directed verdict. After oral argument, these motions were denied and the case was submitted to the jury. Verdicts of guilty were returned on numbers 2530 and 2531, both counts involving delivery of a controlled substance. Defendant was found not guilty as to numbers 2156 and 2157, both counts alleging conspiracy to violate the Controlled Substance Act; and the jury could not reach a verdict on numbers 2528 and 2529, one count alleging conspiracy and the other delivery. Timely written post-verdict motions for a new trial and in arrest of judgment were filed, and are now before the court.

The issues presented by defendant's written motions and oral argument can be divided into two areas for discussion. First, defendant alleges that the verdict is against the weight of the evidence and thus a new trial is required. Secondly, defendant contends that his pretrial motions seeking to quash the informations should have been granted and/or his demurrer at the close of trial based on the statute of limitations should have been granted. Defendant's motion to quash and his demurrer were based on the contention that the informations, upon which the criminal proceedings were initiated, were not validly prepared, signed or filed. Defendant's post-trial motions renew these contentions.

Additionally, defendant's memorandum in sup-

port of his post-trial motions includes assertions that a new trial should be granted based upon prejudicial occurrences at trial. However, defendant did not present these contentions at argument, and, after reviewing the record, the court is convinced that they are without merit and thus cannot be the basis for granting defendant a new trial.

## DISCUSSION

• • •

Were the informations validly prepared, signed and filed?

The procedures complained of by defendant involve the practice followed by the Lancaster County District Attorney's Office until January, 1978 with regard to the preparing and filing of informations. The signed informations were taken to the clerk of courts office in batches, at least once every two weeks. There the informations were entered into the docket according to the date the district attorney had signed them, and then were returned to the district attorney's office, where physical custody of the informations was retained until further disposition of the case. In the present case, further action was delayed from February, 1977 until February of 1979 because defendant was a fugitive during the interim. When defendant was located in February of 1979, the informations at issue were taken back down to the clerk of courts office, at which time they were stamped and physical possession was taken by that office.

Defendant argues that under Pa.R.Crim.P. 225 and 231, the informations were not filed until February, 1979. Basically Rule 231 permits the district attorney to seek leave of court to file an information

without a preliminary hearing on the issue of holding the defendant for court. Rule 225 directs the district attorney to either nolle prosequi the charges or file an information after a defendant has been held for court at a preliminary hearing. In the present case, the procedure under Rule 231 was followed as defendant, being a fugitive, was unavailable for a preliminary hearing before the statute of limitations would have run.

Defendant contends that as a consequence of the failure to file the informations until February, 1979: (1) the informations were not validly signed; (2) the filing of the informations without a preliminary hearing was contrary to law; (3) Rule 1100 was violated; and (4) the statute of limitations had run. Defendant also alleges that Rule 231 was violated in that the informations were signed by D. Richard Eckman, then the district attorney, on February 7, 1977, while the order granting leave of court to file the informations without a preliminary hearing was dated February 8, 1977. Defendant argues that such nunc pro tunc ratification is not permitted under Rule 231.

Defendant cites the case of Walsh v. Tucker, 454 Pa. 175, 312 A. 2d 11 (1973), in his argument that the informations were not filed until February, 1979. The Supreme Court in Walsh defined "filing" as delivery into the appropriate official's possession and thus held that a letter from a common pleas court judge declaring his candidacy for re-election, which was mailed to the Secretary of the Commonwealth but never received, was not "filed" pursuant to the retention election provision of the Pennsylvania Constitution. However, the filing involved in Walsh was "deadline filing" where notice must be given before a certain date, whereas, in the

present case, an information need not be filed within a certain number of days under Rule 225. In fact, the key protections to be afforded defendants under the information process is not the filing of the information but the district attorney's evaluation of whether criminal proceedings should be instigated as evidenced by his signature: Com. v. Belcher, 258 Pa. Superior Ct. 153, 392 A. 2d 730 (1978).

In Belcher, the court found that an information which has not been validly signed by the district attorney is void regardless of whether any showing of prejudice has been made. Thus, the signature requirement, evidencing a reasoned evaluation by the district attorney, was held to be mandatory rather than directive. In the present case, defendant makes no argument that a reasoned evaluation of the case was not made by the district attorney, but instead very adroitly argues that the informations in question were never validly signed, as D. Richard Eckman, whose signature appears on the informations, was not the district attorney in February of 1979 when, defendant contends, the informations were filed. Defendant cites Belcher as requiring the informations be found void. The court is not persuaded that the above outlined procedures violated the rule laid down in Belcher, nor does the court believe that the definition of "filing" stated by the Supreme Court in Tucker should apply to informations under Rules 225-231.

It is the court's opinion that the procedures followed by the Lancaster County District Attorney's Office with regard to the "filing" of informations signed by the district attorney, although not ideal, are substantially in compliance with Rules 225-231, as the properly reviewed and validly signed informations were recorded in the docket of the

clerk of courts office. Thus, a written record of the informations was available for inspection and, presumably, the informations themselves could be obtained if desired. Accordingly, defendant in the present case was afforded the required notice of the charges against him, even though he was not afforded a preliminary hearing because of his fugitive status: Com. v. Webster, 462 Pa. 125, 337 A. 2d 914 (1975).

Since the court has held that the filing provisions of Rules 225-231 were substantially fulfilled by the Commonwealth in February, 1977, defendant's arguments that the informations were not validly signed may be dismissed. Also defendant's contention that the filing of the informations without a preliminary hearing was improper may also be dismissed, as the informations were filed in February, 1977 pursuant to Rule 231.

Defendant's allegation that Rule 1100 was violated also rests on defendant's contention that the informations were not filed until February, 1979, as defendant claims prosecutorial delay has made defendant's unavailability immaterial to the running of the 180 days. Since the court has held that the informations were filed in February, 1977, and defense counsel has stipulated that due diligence was used by the Commonwealth in attempting to locate defendant, the only cause for the delay in bringing defendant to trial was defendant's unavailability. Thus, under Com. v. Cutillo, 235 Pa. Superior Ct. 131, 339 A. 2d 123 (1975), and Com. v. Lewis, 237 Pa. Superior Ct. 357, 352 A. 2d 99 (1975), the period during which defendant was unavailable may be excluded from application toward the 180 days. Defendant's contention that Rule 1100 has been violated may therefore be dismissed.

## Had the statute of limitations lapsed?

Defendant additionally contends that judgment should be arrested as prosecution of defendant was initiated after the statute of limitations had elapsed. Defendant contends that the Act of March 31, 1860, P.L. 427, 19 P.S. §211 [see now, Judicial Code, 42 Pa.C.S.A. §5552], prescribes the statutory period applicable to the present offenses. The Commonwealth argues that section 108(b)(2) of the Crimes Code, 18 Pa.C.S.A. §108(b)(2), as amended, should apply.

Without reaching that issue, the court finds that the prosecution of defendant in the present case did not violate either statute. Under 19 P.S. §211 the statutory period refers to the time between the commission of the act and the filing of an information or a finding of a true bill by a grand jury. Under section 108(b)(2) of the Crimes Code a prosecution is commenced by the issuing of a warrant. In the present case, the offenses occurred on July 2 and 9, 1976 and a warrant was issued in October of 1976 and we have found that the informations were filed in February 1977. Thus, neither statute has lapsed under the facts of the present prosecution and defendant's argument to the contrary is dismissed.

## May informations filed pursuant to Rule 231 be ratified by the Court nunc pro tunc?

The informations in question filed pursuant to Rule 231 were dated February 7, 1977; the order issued by Judge Brown permitting proceedings under Rule 231 was dated February 8, 1977. Defendant contends that *advance* approval is required before the special Rule 231 procedures may be in-

voked and thus the present informations are invalid.

In Com. v. O'Brien, 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956), the court upheld the trial court's decision refusing to quash an indictment obtained without a preliminary hearing and without prior court approval. The Superior Court held that the trial court's discretion may be exercised at the hearing considering the motion to quash the indictment. By refusing to quash the indictment the trial court gave its approval of the district attorney's actions. O'Brien, supra, was clearly reaffirmed by the Supreme Court in Com. v. Bunter, 445 Pa. 413, 282 A. 2d 705 (1971), where the court stated that an indictment sent up without a preliminary hearing and without leave of court may be cured at the court's discretion upon hearing of the motion to quash. Thus, ample authority exists for nunc pro tunc ratification of a district attorney's proceeding under Rule 231 without prior court approval, even up to the time of a hearing on the motion to quash.

In the present case, court approval was obtained one day after the district attorney had signed the informations, which clearly would constitute a permissible ratification under O'Brien and Bunter, supra. Thus defendant's allegation that the informations at issue filed pursuant to Rule 231 are invalid, is without merit.

In summary, the court is convinced that the evidence presented was sufficient to justify the jury's guilty verdicts on information numbers 2530 and 2531 for delivery of a controlled substance. The court also finds the procedures followed by the district attorney's office concerning filing of the informations resulted in substantial compliance with Rules 225-231. Thus, none of defendant's conten-

tions based on this procedural point can be sustained. Finally, defendant's allegation that the informations are invalid for failure to follow the procedures under Rule 231 is found to be without support.

### ORDER

And now, June 18, 1980, the court denies defendant's motions in arrest of judgment and for a new trial. Defendant is directed to appear for sentencing at the call of the district attorney.